694 P.2d 1298

**Charles MANNERS, Plaintiff-Appellant,**

v.

**STATE of Idaho, BOARD OF VETERINARY MEDICINE, and Jack Walker, in his capacity as chairman of the Idaho Board of Veterinary Medicine, Defendants-Respondents.**

**No. 14979.**

Supreme Court of Idaho.

Jan. 16, 1985.

James J. May, Jon J. Shindurling, Twin Falls, for plaintiff-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Fred C. Goodenough, Deputy Atty. Gen., Boise, for defendants-respondents.

HUNTLEY, Justice.

Appellant Dr. Charles Manners, a veterinarian, was charged with the felony crime of delivery of a controlled substance (a small amount of marijuana) in early 1980, and entered a guilty plea before the District Court of the Fifth Judicial District. The trial court adjudged Dr. Manners guilty, fined him $2,400 and sentenced him to a period of imprisonment not to exceed five years. The sentence of imprisonment was suspended and Manners was placed on probation for twelve months.

At the end of the probation period the trial court permitted Dr. Manners to withdraw his guilty plea and enter a plea of not guilty. Manners' probation officer wrote to the trial court that appellant had served a successful probation, had suffered greatly as a result of the proceedings, and was most unlikely to be involved in such an occurrence again. On January 15, 1982, the trial court entered an order dismissing the charge against Manners.

Five days later the Bureau of Occupational Licenses filed a complaint against Dr. Manners, the sole basis of which was the felony conviction. The Bureau submitted as evidence only the memorandum order of probation from the trial court. The Board of Veterinary Medicine, accepting the hearing officer's findings of fact and conclusions of law, which were premised only on that memorandum order, revoked Dr. Manners' license. Dr. Manners appealed the Board's decision to the District Court. On review the district court affirmed the Board's decision.

The Board acted to revoke Manners' license under the authority of I.C. § 54–2112(5), which when this case arose provided:

> Upon written complaint sworn to by any person, the board may, after a fair hearing and by a concurrence of four (4) members, revoke or suspend for a certain time the license of, or otherwise discipline, any licensed veterinarian for any of the following reasons:
>
> .    .    .    .    .
>
> 5. Conviction or cash compromise of a felony or other public offense involving moral turpitude.

Dr. Manners asserts, however, that once a judgment of conviction is set aside under authority of I.C. § 19–2604, it is a nullity for all purposes unless specifically provided by statute to the contrary. I.C. § 19–2604 provides:

> 1. If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

The Board of Veterinary Medicine clearly has the statutory authority to revoke the license of a practitioner convicted of a felony. The issue before us, however, is whether Dr. Manners had a record of a felony conviction when the Board of Occupational Licenses filed a complaint against him on January 21, 1982.

■ This Court has stated that an order withholding judgment, but imposing criminal sanctions of payment of costs or a fine, or of incarceration, is a *de facto* judgment of conviction. *State v. Wagenius*, 99 Idaho 273, 278, 581 P.2d 319 (1978). The trial court here adjudged Manners guilty of a felony and sentenced him to up to five years of imprisonment, which was suspended, and a fine, which Manners paid. It is clear that Manners was convicted by the trial court.

We have also held that "where a judgment has been vacated, it is a nullity, and the effect is as if it had never been rendered at all." *State v. Barwick*, 94 Idaho 139, 143, 483 P.2d 670, 674 (1971). In *United States v. Locke*, 409 F.Supp. 600 (1976), the Federal District Court of Idaho indicated that compliance with I.C. § 19–2604 would result in a guilty plea and judgment being erased where an appropriate order is entered.

Manners was permitted by the trial court to change his guilty plea to a not guilty plea after he had served probation. At that point the trial court set aside the conviction and dismissed the charge pursuant to I.C. § 19–2604. Manners' conviction, then, was erased when the judge, on January 15, 1982, dismissed the charge against him pursuant to I.C. § 19–2604. On January 21, 1982, when the Bureau of Occupational Licenses filed its complaint against Manners, there was no longer a conviction against him. The Board of Veterinary Medicine therefore had no authority to revoke Manners' license on that basis.

In a number of states, statutes similar to I.C. § 19–2604 have been interpreted to erase a conviction and to release defendant from some, but not all, "penalties and disabilities". Disbarment and license revocation are not among the penalties and disabilities released by discharge from probation. *See* e.g. *Patt v. Nevada Board of Accounting*, 93 Nev. 548, 571 P.2d 105 (1977).[1]

■ We disagree with this view. Pursuant to I.C. § 19–2604 a court clearly has authority to finally dismiss a case and discharge defendant where such an act is compatible with the public interest, and defendant has satisfactorily completed the terms of probation. The final dismissal of a case "shall have the effect of restoring the defendant to his civil rights". I.C. § 19–2604(1). Nowhere in that statute is there language which limits or conditions the rights which defendant regains. Therefore we find that a felony conviction which has been vacated and the charge dismissed after the entry of a not guilty plea pursuant to I.C. § 19–2604 cannot be the basis for revocation of a veterinary license. Since the felony conviction was the only basis of the Board's decision to revoke Dr. Manners' license, we reverse and remand for further proceedings consistent with this decision.

■ We need not and do not decide if the Board may have revoked Dr. Manners' license for the delivery of a controlled substance but only decide that the Board may not rely on a non-existent felony conviction as grounds for revocation.

Costs to appellant.

DONALDSON, C.J., and SHEPARD and BISTLINE, JJ., concur.

BAKES, Justice, concurring in part and dissenting in part:

I do not believe that the Board of Veterinary Medicine erred when it revoked Dr. Manners' license as the result of his conviction of delivery of a controlled substance,

1. *See also, Meyer v. Board of Medical Examiners*, 34 Cal.2d 62, 206 P.2d 1085 (1949); *Weinrib v. Beier*, 294 N.Y. 628, 64 N.E.2d 175 (N.Y.1945).

even though that conviction was later set aside as a result of Dr. Manners' serving a successful probation. The fact is that Dr. Manners committed the felony crime of delivery of a controlled substance, and he was convicted. Since veterinarians have access to drugs and authority to issue prescriptions for drugs, the State Board of Veterinary Medicine is entirely justified in revoking the license of a person who has committed the felony crime of delivery of a controlled substance, even though that conviction is later set aside under I.C. § 19–2604.

While the Board of Veterinary Medicine may not use the felony conviction itself as a result of the decision today, I concur in the suggestion in the majority opinion that the board might still be entitled to establish the fact of a delivery of controlled substance, including Dr. Manners' initial guilty plea which admits those facts, as grounds for revoking his license to practice veterinary medicine. While technically the conviction no longer exists, the underlying felony conduct of delivery of a controlled substance is not erased, and the board may act upon that, including his guilty plea admission that he committed such an offense, in deciding whether or not his license should be revoked.