142 P.3d 729

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lawrence ROBINSON, Defendant–Appellant.**

No. 32691.

Supreme Court of Idaho,
Boise, May 2006 Term.

July 31, 2006.

Manweiler, Manweiler, Breen & Ball, PLLC., Boise, for appellant. James K. Ball argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori Fleming, Deputy Attorney General, argued.

BURDICK, Justice.

Appellant Lawrence Robinson appeals from the district court's denial of his motion for an order releasing him from the sex

offender registry and expunging his name from the central registry. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March of 1986 Robinson pleaded guilty to a violation of Idaho Code § 18–6608, forcible sexual penetration by the use of a foreign object. Following his sentencing hearing, Robinson was placed on probation for ten years. Robinson was first required to register as a sex offender in 1993. 1993 Idaho Sess Law ch. 155 at 391–94. In 1996, after successfully completing probation, Robinson filed an application to have his guilty plea set aside and his case dismissed pursuant to I.C. § 19–2604(1), which was granted. Then, in August of 2004, Robinson filed a motion to be released from the sex offender registry and to have his name expunged from the central registry. After a hearing on the matter, the district court denied Robinson's motion. Robinson timely appealed this denial, and our Court of Appeals affirmed the district court's decision. We granted his petition for review.

## II. ANALYSIS

The Idaho Legislature adopted the Sex Offender Registration Act in 1993, 1993 Idaho Sess. Laws, ch. 155, and substantially revised it in 1998 with the adoption of the Sexual Offender Registration Notification and Community Right-to-Know Act, Idaho Code § 18–8301 et seq. (the registration act). The registration act requires persons convicted of enumerated sex offenses to register with the sheriff within ten days of coming into a county to establish a residence or temporary domicile. I.C. §§ 18–8304–8307. The sheriff's office then forwards the information received from the registrant to a central registry maintained by the Idaho State Police. I.C. §§ 18–8303(3), 8305, 8307. The registration requirements are imposed on those who have received a judgment of conviction, those who have been adjudicated guilty and those who have received an order withholding judgment for one of the enumerated crimes. I.C. § 18–8304(3). It is undisputed that Robinson came within the purview of the registration act under I.C. § 18–8304(1)(d) [1] because he pleaded guilty to I.C. § 18–6608,[2] forcible sexual penetration by the use of a foreign object, a crime covered by the registration act. *See* I.C. § 18–8304(1)(a). The question, however, is whether the leniency afforded him under I.C. § 19–2604(1) takes him out of the purview of the registration act or whether he must instead meet the requirements for release and expungement set out by our legislature in I.C. § 18–8310.

■ The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Thompson,* 140 Idaho 796, 798, 102 P.3d 1115, 1117 (2004). Here, we are dealing with two distinct "legislative creations—the authority of Idaho courts to withhold judgment following an adjudication of guilt and to ultimately dismiss the charge if the defendant performs well on probation, and the statutory scheme for registration of sex offenders...." *State v. Perkins,* 135 Idaho 17, 20, 13 P.3d 344, 347 (Ct.App.2000).

---

1. In 1998, I.C. § 18–8304(1)(c) provided that the provisions of the registration act applied to any person who "pleads guilty to or has been found guilty of a crime covered in this chapter prior to July 1, 1993, and the person, as a result of the offense is incarcerated in a county jail facility or a penal facility *or is under probation or parole supervision, on or after July 1, 1993."* 1998 Idaho Sess. Laws ch. 411 at 1278 (emphasis added). The legislature changed the language of I.C. § 18–8304 in 2005, and the language of former I.C. § 18–8304(1)(c) is now found in I.C. § 18–8304(1)(d). *See* 2005 Idaho Sess. Laws ch. 233 at 711. For the sake of convenience, this opinion will refer to I.C. § 18–8304(1)(d), where the pertinent language is currently found.

2. I.C. § 18–6608 provided:

> Every person who causes the penetration, however, slight, of the genital or anal opening of another person, by any object, instrument or device, against the victim's will by use of force or violence or by duress, or by threats of immediate and great bodily harm, accompanied by apparent power of execution, for the purposes of sexual arousal, gratification or abuse shall be guilty of a felony and shall be punished by imprisonment in the state prison for not more than life.

1983 Idaho Sess. Laws, ch. 176 at 484.

Idaho Code § 19-2604 allows a trial court, in limited circumstances, to dismiss a criminal case or to reduce a felony conviction to a misdemeanor. It provides, in pertinent part:

> If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

I.C. § 19-2604(1).

■ The dismissal of a criminal charge under I.C. § 19-2604(1) is an act of leniency by the court, "notwithstanding the defendant's actual guilt of the charged offense." *Perkins*, 135 Idaho at 20, 13 P.3d at 347. Where a judgment has been vacated under this statute, "it is a nullity, and the effect is as if it had never been rendered at all." *Manners v. Bd. of Veterinary Med.*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985) (quoting *State v. Barwick*, 94 Idaho 139, 143, 483 P.2d 670, 674 (1971)). Moreover, there are no limits or conditions on the rights which a defendant regains. *Id.* However, I.C. § 19-2604(1) does not address the specific ramifications of a final dismissal. *Id.* A dismissal under I.C. § 19-2604(1) is not akin to setting aside a conviction or dismissing a charge based on a procedural error in the criminal proceedings, nor is it a determination that the defendant is factually innocent. *Perkins*, 135 Idaho at 20-21, 13 P.3d at 347-48. Most importantly, "because the power to withhold judgment [and ultimately dismiss the charges] has been conferred on the courts by statute, it may also be abrogated or limited

by statute." *Id.* at 21, 13 P.3d 344, 13 P.3d at 48 (citing *State v. Branson*, 128 Idaho 790, 793, 919 P.2d 319, 322 (1996)). Our legislature has specified that for many types of offenses, a withheld judgment will be treated as a prior conviction. *State v. Woodbury*, 141 Idaho 547, 549, 112 P.3d 835, 837 (Ct. App.2005) (citing I.C. §§ 18-918(3)(c), 18-7905(1)(f), 18-8005(4), 18-8304(3), 18-3302(1)(h), and 23-910(1)).

■ Our legislature, aware of the risks sexual offenders pose to Idaho communities and the difficulties faced by law enforcement officers when protecting our communities and conducting investigations, I.C. § 18-8302, has specifically provided the mechanism by which a person may be released from the requirements of the registration act. Idaho Code § 18-8310 provides:

Release from registration requirements—Expungement

(1) Any person, other than a recidivist, an offender who has been convicted of an aggravated offense, or an offender designated as a violent sexual predator, may, after a period of ten (10) years from the date the person was released from incarceration or placed on parole, supervised release or probation, whichever is greater, petition the district court for a show cause hearing to determine whether the person shall be exempted from the duty to register as a sexual offender. In the petition the petitioner shall:

(a) Provide clear and convincing evidence that the petitioner is not a risk to commit a new violation for any violent crime or crime identified in section 18-8304, Idaho Code;

(b) Provide an affidavit indicating that the petitioner does not have a criminal charge pending nor is the petitioner knowingly under criminal investigation for any violent crime or crime identified in section 18-8304, Idaho Code;

(c) Provide proof of service of such petition upon the county prosecuting attorney for the county in which the application is made; and

(d) Provide a certified copy of the judgment of conviction which caused the petitioner to report as a sexual offender.

The district court may grant a hearing if it finds that the petition is sufficient. The court shall provide at least sixty (60) days' prior notice of the hearing to the petitioner and the county prosecuting attorney.

The court may exempt the petitioner from the reporting requirement only after a hearing on the petition in open court and only upon proof by clear and convincing evidence that the petitioner is not a risk to commit a new violation for any violent crime or crime identified in section 18–8304, Idaho Code.

(2) Concurrent with the entry of any order exempting the petitioner from the reporting requirement, the court may further order that any information regarding the petitioner be expunged from the central registry.

I.C. § 18–8310. Notably, this section does not permit persons convicted of an aggravated sexual offense to be released from the requirements of the registration act. In turn, the registration act defines I.C. § 18–6608, the crime to which Robinson pleaded guilty, as an aggravated offense. I.C. § 18–8303(1). Therefore, it is clear that Robinson does not meet the statutory requirements set forth in I.C. § 18–8310 for release from the registration requirements and expungement. He can only be released from the registration requirements if the setting aside of his guilty plea and the dismissal of his charges under I.C. § 19–2604(1) removes him from the purview of I.C § 18–8304(1)(d).[3]

■ Instead, Robinson argues that because his guilty plea to I.C. § 18–6608 has been set aside and his case dismissed pursuant to I.C. § 19–2604(1), he is no longer subject to the registration requirement of I.C. § 18–8304(1)(d). Robinson maintains that under Idaho law he can no longer be considered a person who pleaded guilty to an enumerated offense and cites to *Manners* for support of this proposition. Conversely, the State replies that our legislature has specifically provided a mechanism for relief from the registration requirements in I.C. § 18–

8310 and Robinson has failed to meet the statutory requirements set forth in this statute, so he is not entitled to be released from the registration requirements or to expungement from the central registry.

We hold that Robinson must still meet the requirements of the registration act. First, this Court's conclusion in *Manners* does not dictate the result Robinson suggests. There, Dr. Manners, a veterinarian, entered a guilty plea to felony delivery of a controlled substance, but after serving his probationary period the trial court dismissed the charges against him. 107 Idaho at 951, 694 P.2d at 1299. Five days later, the Bureau of Occupational Licenses filed a complaint against Manners and sought to revoke his license based on the previously vacated conviction. *Id.* This Court held that because Manner's felony conviction was the "only basis of the Board's decision to revoke" his license, that decision must be reversed. *Id.* at 952, 694 P.2d at 1300. We determined that a now *vacated* conviction could not serve as the basis for the revocation of Manners' license. *Id.*

However, *Manners* stands only for the proposition that I.C. § 19–2604(1) provides prospective relief, not retrospective relief. Idaho Code § 19–2604(1) can restore to a defendant his civil rights, but it cannot act, in this instance, to remove the statutory consequences of committing a sexual offense. Such removal would require a retrospective application of I.C. § 19–2604(1), in contradiction of *Manners*. Once Robinson came within the purview of the registration act by virtue of pleading guilty to I.C. § 18–6608, the leniency shown him under I.C. § 19–2604(1) could not change that status. The record-cleansing effects of I.C. § 19–2604(1) works only to remove from consideration a felony conviction once leniency has been granted; it cannot reach back in time to remove Robinson from the application of the registration act.

Second, Manners also argued before this Court that "once a judgment of conviction is set aside under authority of I.C. § 19–2604, it is a nullity for all purposes unless specifically

---

3. Robinson does not dispute that he cannot meet    the requirements set forth in I.C. § 18–8310.

provided by statute to the contrary." 107 Idaho at 951, 694 P.2d at 1299. This Court then concluded that for the purposes of the statute under which the Bureau sought to revoke Manners' license, I.C. § 19–2064(1) had the effect of erasing Manners' conviction. *Id.* at 952, 694 P.2d at 1300. In *Manners* this Court accepted the proposition that the effects of I.C. § 19–2604(1) could be overridden by another statute, 107 Idaho at 952, 694 P.2d at 1300, and the legislature has chosen to make all sex offenders apply for relief through the procedures provided in I.C. § 18–8310.

As noted above, since I.C. § 19–2604(1) is a legislative creation the leniency it affords offenders may be limited by other legislative acts. It is presumed that the legislature knew that guilty pleas could be withdrawn and charges dismissed under I.C. § 19–2604(1). *Perkins,* 135 Idaho at 21, 13 P.3d at 348 (citing *George W. Watkins Family v. Messenger,* 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990); *State v. Betterton,* 127 Idaho 562, 563, 903 P.2d 151, 152 (Ct.App. 1995)). Yet, the legislature did not specifically create an exception to the registration requirements for those who obtain such leniency when it easily could have written such an exception into the registration act. Instead, the legislature specifically made the registration act applicable to anyone who has a conviction for an enumerated offense and defined conviction as including anyone who has been adjudicated guilty of an enumerated sex offense "notwithstanding the form of the judgment or withheld judgment." I.C. § 18–8304(3); *see also Perkins,* 135 Idaho at 21, 13 P.3d at 348.[4] By adopting this definition of conviction and mandating that anyone convicted of an enumerated offense meet the requirements of I.C. § 18–8310 in order to be released from the registration requirements, the legislature made it clear that I.C. § 18–8310 is the only mechanism by which a sex offender can receive relief from the requirements of the registration act. *See State v.*

*Knapp,* 139 Idaho 381, 383–84, 79 P.3d 740, 742–43 (Ct.App.2003); *Perkins,* 135 Idaho at 21, 13 P.3d at 344. Only compliance with I.C. § 18–8310 releases a defendant from the reporting requirements of the registration act, and to decide differently would "contravene the express language of I.C. § 18–8304(3)." *Perkins,* 135 Idaho at 21, 13 P.3d at 344.

■ Moreover, by adopting I.C. § 18–8304(3), the legislature made clear that once a person has received a withheld judgment for an enumerated crime, they are brought within the purview of the act, including I.C. § 18–8310, and the fact that a defendant later receives leniency under I.C. § 19–2604(1) does not remove him from the registration act. It does not matter what form the leniency takes, be it dismissing charges or allowing withdrawal of a guilty plea or both. We are not persuaded by Robinson's attempt to draw a distinction between cases where a district court sets aside a guilty plea and those where it does not. Regardless of whether the case is dismissed by terminating the sentence or by setting aside the guilty plea or conviction, the requirements that must be met before a trial court is authorized to dismiss a case under section 19–2604(1) are the same. If a case has been dismissed, there is no longer anything in which a judgment of conviction can stand; likewise, if a charge has been dismissed there no longer remains a conviction for that charge. An order purporting to dismiss a criminal case without vacating the conviction is invalid, and a guilty plea in a criminal case would necessarily be vacated once the dismissal in the underlying criminal case is final. This is true even if the order does not expressly state that the plea was being set aside.

## III. CONCLUSION

We affirm the decision of the district court because Robinson failed to meet the statuto-

---

4. Robinson argues that the definition of conviction in I.C. § 18–8304(3) does not apply to I.C. § 18–8304(1)(d). Even if this were true, it still clearly applies to I.C. § 18–8310, because it defines conviction "for purposes of this chapter." Moreover, I.C. § 18–8304(1)(d) merely specifies the procedural event that triggered Robinson's

obligation to register as a sex offender. Therefore, Robinson cannot escape the requirements of I.C. § 18–8310, which applies to anyone convicted of an enumerated sex offense, by arguing that the definition of conviction does not apply to I.C. § 18–8304(1)(d).

ry requirements of I.C. § 18–8310. It is necessary for Robinson to meet these requirements under the specific statutory framework adopted by our legislature. The leniency afforded him pursuant to I.C. § 19–2604(1) does not remove him from these requirements because this section provides only prospective relief and because our legislature did not create an exception to the registration requirements for those who receive such leniency.

Chief Justice SCHROEDER and Justices EISMANN and JONES concur. Justice TROUT, concurring in result.