172 P.3d 1100

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kraig D. PARKINSON, Defendant–Appellant.**

No. 33333.

Supreme Court of Idaho,
Boise, October 2007 Term.

Nov. 23, 2007.

826

Sallaz & Gatewood, Chtd., Boise, for appellant. Gary L. Quigley argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Rebekah A. Cude argued.

J. JONES, Justice.

Kraig Parkinson pleaded guilty to lewd conduct with a minor in March 1984. The district court discharged Parkinson upon completion of his probation in 1988. Parkinson subsequently filed a motion for leave to withdraw his guilty plea and substitute a plea of not guilty, and requested the charge be dismissed. The district court granted this motion. Notwithstanding this decision, Parkinson's conviction remained, with a notation of the dismissal, in the National Crime Information Center (NCIC) database maintained by the Federal Bureau of Investigation (FBI). Thus, Parkinson filed a Petition for Expungement of Record pursuant to Idaho Code § 19–2604. The district court denied his petition, finding it lacked authority to require the notation of this case to be stricken from the NCIC database. We affirm.

## I.

When he was 32 years old, the State charged Kraig Parkinson for lewd conduct with a minor pursuant to Idaho Code § 18–6607 (recodified as I.C. § 18–1508). Parkinson pleaded guilty and the district court judge initially sentenced him to a term of ten years in the state penitentiary. The district court subsequently entered a "Withheld Judgment of Conviction," suspended the sentence, and sent Parkinson to Cottonwood, the correctional facility at Idaho, under 120–day retained jurisdiction. Upon completion of the 120–day retained jurisdiction, the district court entered a withheld judgment and placed Parkinson on five years of probation. The court discharged Parkinson when he successfully completed his probation.

In September 2000, Parkinson filed a motion with the district court for leave to withdraw his guilty plea and to substitute a plea of not guilty, and sought dismissal of that charge. The district judge granted the motion on September 22, 2000. Although the district court dismissed the complaint pursuant to the September 2000 order, Parkinson's 1984 conviction remained in the NCIC database, with a reference to the dismissal.[1]

Parkinson filed a Petition for Expungement of Record on the dismissal order, seeking to remove his 1984 conviction from his criminal record in the NCIC database. The district court denied Parkinson's petition, finding the court lacked authority under I.C. § 19–2604 to require the FBI to strike any

1. The FBI maintains the NCIC. *See* 28 U.S.C. § 534 (2006).

notation contained in the NCIC database. Parkinson appeals to this Court.

## II.

We are concerned in this case with the question of whether Idaho Code § 19–2604 provides authority for a state court to order the removal from the NCIC database of any and all references to a conviction that has been dismissed pursuant to the statute.

## A.

The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Thompson,* 140 Idaho 796, 798, 102 P.3d 1115, 1117 (2004). Judicial interpretation of a statute begins with an examination of the statute's literal words. *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999) (citing *State v. McCoy,* 128 Idaho 362, 365, 913 P.2d 578, 581 (1996)). The language of the statute must be given its plain, obvious and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. Unless the result is palpably absurd, this Court assumes the legislature meant what is clearly stated in the statute. *Rhode,* 133 Idaho at 462, 988 P.2d at 688 (citing *Miller v. State,* 110 Idaho 298, 299, 715 P.2d 968, 969 (1986)).

When the Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688 (citing *Messenger v. Burns,* 86 Idaho 26, 29, 382 P.2d 913, 915 (1963)). To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.*

## B.

Parkinson does not directly address the court's authority to "clear the record" contained in an FBI database. Parkinson relies on I.C. § 19–2604 for the proposition that the district court must grant an order of expungement in order to "clear the record." Alternatively, Parkinson argues the district court had authority to order expungement of his criminal record as a matter of the inherent power of the court to implement its own orders and judgments under that statute. In essence, Parkinson argues that since the district court had authority to grant relief under Section 19–2604, it must have the authority to make that relief effective by entering an expungement order that would "cleanse" Parkinson's criminal record of this now "erased" conviction.

The State counters that the plain language of Section 19–2604 and case law interpreting this statute make clear that it is not a true expungement statute. Since the statute provides no authority or mechanism for removing the record of Parkinson's conviction from the NCIC database, the district court has no authority to strike the record.

"'Expunge' means to erase or destroy; to declare null and outside the record, so that it is noted in the original record as expunged, and redacted from all future copies." *Black's Law Dictionary* (8th ed.2004). "Expungement of record" is the removal of a conviction from a person's criminal record. *Id.* Idaho law authorizes no type of expungement of a criminal record for adult offenders other than that authorized in I.C. § 19–2604.[2] *State v. Dorn,* 140 Idaho 404, 406, 94 P.3d 709, 711 (Ct.App.2004). I.C. § 19–2604(1) sets forth the authority of the trial court to set aside a guilty plea or conviction and discharge a defendant:

> If sentence has been imposed but suspended ... or withheld, upon application of the defendant and upon a satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing

made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant.... The final dismissal of the case as herein provided shall have the effect of restoring the defendant of his civil rights.

I.C. § 19–2604 does not expressly authorize expungement, but allows the court to dismiss the case against defendant if he complies with all the terms and conditions of his probation.

 The statute creates an extraordinary remedy for a defendant who has strictly adhered to the terms of probation and essentially restores the defendant's civil rights. *State v. Schumacher*, 131 Idaho 484, 486, 959 P.2d 465, 467 (Ct.App.1998). The dismissal of a criminal charge under I.C. § 19–2604(1) is an act of leniency by the court, "notwithstanding the defendant's actual guilt of the charged offense." *State v. Perkins*, 135 Idaho 17, 20, 13 P.3d 344, 347 (Ct.App.2000). Where a judgment has been vacated under this statute, "it is a nullity, and the effect is as if it had never been rendered at all," and there are no limits or conditions on the rights defendant regains. *See Manners v. Bd. of Veterinary Med.*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985) (quoting *State v. Barwick*, 94 Idaho 139, 143, 483 P.2d 670, 674 (1971)).

 Idaho cases addressing the effect of dismissal under Section 19–2604 have looked to the purpose of the provision. The purpose of an order withholding judgment, as an alternative to a conviction, is to allow the defendant an opportunity to rehabilitate himself and thereby avoid the burden of a criminal record. *Perkins*, 135 Idaho at 20, 13 P.3d at 347 (citing *Peltier v. State*, 119 Idaho 454, 460, 808 P.2d 373, 379 (1991) and *State v. Wagenius*, 99 Idaho 273, 279, 581 P.2d 319, 325 (1978)). Hence, a dismissal of a criminal charge after judgment has been withheld is an exercise of leniency by the court, notwithstanding the defendant's actual guilt of the charged offense. *Perkins*, 135 Idaho at 20, 13 P.3d at 347. A dismissal of

this type is not a determination that the defendant is factually innocent or that the State is unable to meet its burden of proof. *Id.*, 135 Idaho at 21, 13 P.3d at 348. Nor is this type of dismissal akin to setting aside a conviction or dismissing a charge based upon some error in the criminal proceedings. *Id.*

Based on the foregoing analysis, the statute does not require or authorize the complete expungement of all records and references to the charge. See *State v. Deitz*, 120 Idaho 755, 819 P.2d 1155 (Ct.App.1991) (a defendant who has received an order withholding judgment and later discharged under Section 19–2604 does not thereby escape from every possible consequence of the adjudication of guilt). A conviction is not entirely erased. On the other hand, the statute dictates that a dismissed conviction cannot be used to deny the defendant's civil rights. *See Manners*, 107 Idaho at 952, 694 P.2d at 1300 (A felony conviction cannot be the basis for revocation of a veterinary license when it has been vacated and the charge dismissed pursuant to I.C. § 19–2604: "[N]owhere in that statute is there language which limits or conditions the rights which defendant regains.").

In this case, the NCIC database contains a reference to Parkinson's conviction, but also notes its dismissal. The notation in the database does not deny Parkinson of his civil rights in the sense that the notation in *Manners* "limited the rights the defendant had regained." *See Manners*, 107 Idaho at 952, 694 P.2d at 1300. I.C. § 19–2604, in and of itself, does not compel the court to remove the notation. Rather, I.C. § 19–2604 allows the court to dismiss a case against a defendant if he complies with all the terms and conditions of his probation. That is precisely what Judge Moss did in this case. The statute does not provide authority to take further actions, such as eliminating each and every reference to the case in an official record. Judge Moss dismissed the case and, pursuant to the statute, Parkinson had his civil rights restored. He is not entitled to further relief.

 Even if Section 19–2604 purported to compel the state court to fully cleanse

Parkinson's record, it should be noted that Parkinson cites no authority by which the state court could compel the FBI to make changes to its database. Federal law does not support the proposition that a state court, or even a federal district court, could compel the FBI to strike the notation in its database. Federal courts overwhelmingly hold they are without jurisdiction to order an Executive Branch agency to expunge accurate records of a person's conviction. *See, e.g., U.S. v. Janik*, 10 F.3d 470, 472 (7th Cir.1994) ("We are without statutory authority to provide otherwise. In fact, in Section 534, Congress suggested the opposite—that is, in favor of *requiring* the Executive Branch to maintain accurate records of such convictions."). Federal courts have also recognized that state courts cannot expunge FBI records. *See Tarlton v. Saxbe*, 507 F.2d 1116, 1128, n. 34 (D.C.Cir.1974) ("[S]tate courts cannot expunge FBI records and thus the relief they could grant is inadequate."). If federal courts could not direct the FBI to correct its database, it follows that state courts likewise lack inherent authority to do so. Parkinson presents no authority to the contrary.

### III.

The district court properly held it was without authority to expunge Parkinson's record under Idaho Code § 19–2604. Thus, we affirm the district court's denial of Parkinson's Petition for Expungement of Record.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON concur.