IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37192

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | 2010 Opinion No. 70 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: October 27, 2010 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| SAMUEL CONAN REED, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Timothy Hansen, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Vernon K. Smith, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Samuel Conan Reed appeals from his judgment of conviction for felony driving under the influence (DUI).  I.C. §§ 18-8004, 18-8005(5).[1]  Specifically, Reed challenges the district court's denial of his motion to dismiss.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2004, Reed pled guilty to misdemeanor DUI, excessive alcohol concentration, pursuant to I.C. § 18-8004, and the district court entered a withheld judgment.  After Reed successfully completed probation, his DUI conviction was dismissed pursuant to I.C. § 19-2604(1).  The order dismissing the DUI stated that Reed's "former plea of guilty is

---

[1]     Idaho Code Section 18-8005(5) was renumbered in 2009, and the applicable enhanced penalty provisions are now contained in subsection (6) of the statute.  For the sake of clarity, this opinion will cite to the applicable provisions as being contained in subsection (6), where they are currently located.

1

unconditionally withdrawn, and the plea is deemed as though it had never been tendered to or accepted by the Court, [Reed's] plea of not guilty is reinstated in this matter, and the matter is hereby dismissed, with prejudice."

In 2007, Reed was charged with an enhanced felony DUI, second offense within five years, pursuant to I.C. § 18-8005(5). Reed filed a motion to dismiss claiming that, because his 2004 DUI had been dismissed pursuant to I.C. § 19-2604(1), it could not be used for enhancement purposes. Reed's motion to dismiss was denied, but he pled guilty to a misdemeanor first offense DUI as a result of a plea agreement pursuant to I.C. § 18-8004.

In 2008, Reed was charged with DUI pursuant to I.C. § 18-8005(6)--enhanced to a felony for two previous violations within ten years based on his 2004 and 2007 DUIs. Reed once again filed a motion to dismiss, arguing that his 2004 DUI could not be used for enhancement purposes because it had been dismissed pursuant to I.C. § 19-2604(1). Reed's motion to dismiss was denied. After a jury trial, Reed was found guilty of felony DUI under I.C. § 18-8005(6). Reed appeals, challenging the district court's denial of his motion to dismiss.

**II.**

**ANALYSIS**

This case involves the question of whether a guilty plea that has been dismissed under I.C. § 19-2604(1) can be used for enhancement purposes under I.C. § 18-8005(6). Idaho Code Section 19-2604(1) authorizes dismissal of a case after a defendant has been adjudicated guilty and the court has withheld judgment if the defendant has completed probation without incurring any probation violations. Idaho Code Section 18-8005(6) provides that DUI is a felony when a person has been found guilty or pled guilty to two or more previous DUI violations within ten years. The statute applies to any person who has pled or been found guilty of two or more previous DUIs "notwithstanding the form of the judgment(s) or withheld judgment(s)." I.C. § 18-8005(6). Reed argues that, because his 2004 DUI had been dismissed under I.C. § 19-2604(1) and the guilty plea withdrawn, it could not be used for enhancement purposes under I.C. § 18-8005(6) and that, therefore, the district court erred when it denied his motion to dismiss his 2008 felony DUI conviction.

This Court directly addressed Reed's argument in *State v. Deitz*, 120 Idaho 755, 819 P.2d 1155 (Ct. App. 1991). Like Reed, Deitz pled guilty to a misdemeanor DUI, was given a withheld judgment, and later had his case dismissed under I.C. § 19-2604(1). When Deitz

incurred another DUI with ten years, he argued that his dismissed DUI charge could not be used for enhancement purposes under I.C. § 18-8005(5).[2] This Court held that an adjudication of guilt for a DUI, whether the case is later dismissed under I.C. § 19-2604(1), can be used for enhancement purposes under I.C. § 18-8005(5). This Court noted that it is the determination of guilt, not the form of conviction, which determines whether an enhancement can be sought under I.C. § 18-8005(5). *Deitz*, at 756, 819 P.2d at 1156. In addition, both I.C. § 19-2604(1) and I.C. § 18-8005(5) were enacted for the purpose of encouraging rehabilitation and discouraging recidivism. Because the two statutes have the same purpose, the leniency of I.C. § 19-2604(1) should not be construed to negate the enhancement purposes of I.C. § 18-8005(5). Therefore, this Court held that, because the dismissal of Deitz's DUI pursuant to I.C. § 19-2604(1) did not erase his guilty plea and because I.C. § 19-2604(1) is not to be construed to defeat I.C. § 18-8005(5), Dietz's prior DUI withheld judgment could be used for enhancement purposes. This Court held that, because Deitz's "plea of guilty was within five years and it was not specifically set aside, . . . the dismissal of the prior charges did not reverse or vacate the determination of Deitz's guilt for the purpose of I.C. § 18-8005[(5)]." *Id.* at 758, 819 P.2d at 1158.

Reed argues that his case is distinguishable from *Deitz* because the language of the 2004 dismissal order had the effect of completely expunging his record so as to make it as though his guilty plea never existed. Reed notes that Deitz was discharged from probation and his case was dismissed pursuant to I.C. § 19-2604(1), but his guilty plea was not specifically set aside by the district court. Reed argues that, in contrast, his 2004 DUI dismissal order specifically set aside his guilty plea because it stated that Reed's guilty plea would be treated "as though it had never been tendered or accepted." Reed's attempt to distinguish his case from *Dietz* is unpersuasive because any such limitation which may have existed in the *Deitz* holding has been eliminated by subsequent case law. *See State v. Parkinson*, 144 Idaho 825, 172 P.3d 1100 (2007); *State v. Robinson*, 143 Idaho 306, 142 P.3d 729 (2006); *State v. Woodbury*, 141 Idaho 547, 112 P.3d 835 (Ct. App. 2005); *State v. Perkins*, 135 Idaho 17, 13 P.3d 344 (Ct. App. 2000).

This Court first expanded the holding of *Dietz* in *Perkins*, 135 Idaho 17, 13 P.3d 344. This Court addressed the question of whether a defendant, whose sex crime conviction was dismissed under I.C. § 19-2604(1), was exempt from the sexual offender registration

---

[2]     At the time of the *Deitz* case, the section the defendant was charged under was I.C. § 18-8005(4). It was subsequently renumbered to I.C. § 18-8005(5).

requirements of I.C. § 18-8301, *et. seq.* (Registration Act). *Perkins*, 135 Idaho at 19, 13 P.3d at 346. The Registration Act provides that any person convicted of an enumerated sex offense must register with the sheriff within two working days of establishing residency in a new county. I.C. § 18-8307(4)(a). The Registration Act defines a conviction to mean that the defendant has pled or been found guilty of one of the specified sex crimes "notwithstanding the form of the judgment or withheld judgment." I.C. § 18-8304(3). This Court noted that, consistent with the holding in *Deitz*, the issue of whether a defendant who had obtained a dismissal under I.C. § 19-2604(1) would be exempt from the requirements of the Registration Act, was a question of statutory interpretation. *Perkins*, 135 Idaho at 21, 13 P.3d at 348. Authority to dismiss withheld judgments under I.C. § 19-2604 is conferred on Idaho courts by statute and, therefore, the legislature also has the authority to abrogate or limit that power. *Perkins,* 135 Idaho at 21, 13 P.3d at 348. When the legislature enacted the Registration Act it was presumed to have known that the charge against the defendant could be dismissed under I.C. § 19-2604(1), yet the legislature created no exemption in the Registration Act for those who obtained such a dismissal. "To the contrary, the legislature expressly defined 'conviction' for purposes of the Registration Act to include anyone who has been adjudicated guilty of an enumerated sex offense 'notwithstanding the form of the judgment or withheld judgment.'" *Perkins*, 135 Idaho at 21, 13 P.3d at 348. By adopting this language, the legislature limited the effect of a dismissal under I.C. § 19-2604(1). *Perkins*, 135 Idaho at 21, 13 P.3d at 348. Therefore, this Court held that a defendant who has such a dismissal is not exempt from the recording requirements of the Registration Act. *Id. See also Parkinson*, 144 Idaho at 828, 172 P.3d at 1103; *Robinson*, 143 Idaho at 310, 142 P.3d at 733.

The principles of statutory interpretation applied in *Perkins* must also be applied in this case. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of

statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

As in *Perkins*, it can be presumed that, when the Idaho Legislature enacted I.C. § 18-8005(6), it was aware that a defendant's previous DUI conviction could be dismissed under I.C. § 19-2604(1). The definition of conviction stated in I.C. § 18-8005(6) mirrors, almost exactly, that set forth in the Registration Act. The DUI enhancement provision applies to any person who "previously has been found guilty of or has pled guilty to two (2) or more violations . . . notwithstanding the form of the judgment(s) or withheld judgment(s)." I.C. § 18-8005(6). The legislature could have provided an exemption in the definition of conviction for those defendants whose convictions had been dismissed under I.C. § 19-2604(1), but it did not. As noted in *Deitz*, the purpose of both I.C. § 19-2604(1) and I.C. § 18-8005(6) is to promote rehabilitation and prevent recidivism. Because both statutes have the same purpose, one should not be construed to negate the other. The Idaho Legislature has specified that for many types of offenses, a withheld judgment will be treated as a prior conviction in the event of subsequent crimes. *Woodbury*, 141 Idaho at 549, 112 P.3d at 837 (citing I.C. § 18-8005(6)). It would be against well-established policy to allow the leniency provided by I.C. § 19-2604(1) to benefit repeat offenders who are charged under I.C. § 18-8005(6). *See Deitz*, 120 Idaho at 758, 819 P.2d at 1158.

Consistent with our holdings in *Deitz*, *Perkins*, and *Woodbury*, this Court will not read an exemption for judgments dismissed under I.C. § 19-2604(1) into the language of I.C. § 18-8005(6). Reed pled guilty to the 2004 DUI. Although his conviction was dismissed under I.C. § 19-2604(1), it was the clear intent of the legislature that the dismissal not exempt Reed from the enhancement provisions of I.C. § 18-8005(6). Therefore, the district court did not err in denying Reed's motion to dismiss because a judgment dismissed under I.C. § 19-2604(6) can be used for enhancement purposes under I.C. § 18-8005(6).

## III.

## CONCLUSION

Although Reed's 2004 DUI conviction was dismissed under I.C. § 19-2604(1), it can be used for enhancement purposes under I.C. § 18-8005(6). Therefore, the district court did not err by denying Reed's motion to dismiss. Accordingly, Reed's judgment of conviction for felony DUI under I.C. § 18-8005(6) is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**