# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 39567

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

SAMUEL THOMAS GLENN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Boise, November 2013 Term

2014 Opinion No. 23

Filed:  February 21, 2014

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Timothy Hansen, District Judge.

District court order denying motion to dismiss DUI, <u>affirmed.</u>

Sara B. Thomas, Idaho Appellate Public Defender, Boise, for appellant.  Brian R. Dickson, Deputy State Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Jessica M. Lorello, Deputy Attorney General argued.

---

BURDICK, Chief Justice

Samuel Glenn appeals the Ada County district court's denial of his motion to dismiss a 2010 driving under the influence (DUI) charge. On that charge, the State sought an enhanced sentence based upon Glenn's 2001 DUI conviction. The district court had previously dismissed Glenn's 2001 DUI conviction pursuant to I.C. § 19-2604. Glenn argues on appeal that the district court erred because Idaho Supreme Court precedent holds that cases dismissed pursuant to I.C. § 19-2604 are a nullity and cannot later be used as sentencing enhancements. The State contends that the district court erred in considering the merits of Glenn's untimely motion to dismiss and that precedent allows an enhanced sentence based on a previously dismissed DUI conviction. We affirm.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Samuel Glenn was arrested and cited for driving under the influence in 2001. He pled guilty to a felony DUI, which resulted in a suspended sentence and five years of probation. After Glenn completed probation, he moved the district court to reduce his charge to a misdemeanor. The district court treated this as a motion pursuant to I.C. § 19-2604(1) and granted the motion on March 22, 2007, ordering that Glenn's guilty plea be set aside and the case finally dismissed.

Glenn was again arrested and cited for DUI on October 5, 2010. The State filed an amended complaint that enhanced the charges pursuant to I.C. § 18-8005(9) because Glenn had a prior felony DUI conviction within the past fifteen years. Glenn's only felony that qualified was his 2001 DUI that the district court dismissed in 2007. Glenn pled not guilty to the 2010 DUI charge on February 11, 2011.

On April 26, 2011, Glenn moved to dismiss his 2010 indictment, arguing that the enhancement was improper given that his 2001 guilty plea was withdrawn and dismissed pursuant to I.C. § 19-2604. Glenn argued that because this conviction was dismissed, there was no prior conviction for the State to base its enhancement on. The state opposed Glenn's motion, arguing that (1) the motion was untimely under I.C.R. 12(d) without any showing of good cause or excusable neglect and (2) Idaho Court of Appeals precedent in *State v. Reed*, 149 Idaho 901, 243 P.3d 1089 (Ct. App. 2010), controlled. The district court denied Glenn's motion to dismiss based on *Reed*. Glenn then entered a conditional guilty plea and reserved his right to appeal the denial of his motion to dismiss. The district court accepted that plea. Glenn timely appealed.

## II. ANALYSIS

**A. This Court will use its plenary power to decide Glenn's motion to dismiss on its merits.**

In the district court, the State objected to Glenn's untimely motion to dismiss pursuant to I.C.R. 12(d). The State argues that the district court abused its discretion in hearing the untimely motion on its merits because nothing in the record gave the district court a basis to find good cause or excusable neglect.

Motions to dismiss filed under I.C.R. 12(b) "must be filed within twenty-eight (28) days after the entry of a plea of not guilty or seven (7) days before trial whichever is earlier." I.C.R. 12(d). Glenn filed his motion to dismiss more than twenty-eight days after he pled not guilty. However, the trial court has discretion to "enlarge the time provided herein, and for good cause shown, or for excusable neglect, may relieve a party of failure to comply with this rule." *Id.* We

uphold the trial court's decision when the court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *State v. Gurney*, 152 Idaho 502, 503, 272 P.3d 474, 475 (2012) (quoting *Sun Valley Potato Growers, Inc. v. Tex. Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004)).

Here, the district court was silent as to why it allowed the motion, which makes it difficult to determine whether the court properly exercised its discretion. However, this Court invokes its plenary power to decide this case on the substantive issue. The Idaho Constitution states that "[t]he Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts . . . ." Idaho Const. art. V, § 9. We rarely exercise this plenary power of review, which we narrowly apply and limit to compelling cases. *State v. Young*, 133 Idaho 177, 179, 983 P.2d 831, 833 (1999).

We entertain appeals within our plenary jurisdiction that do not fully meet the criteria in the appellate rules. *Izaguirre v. R & L Carriers Shared Servs., LLC*, 155 Idaho 229, ___, 308 P.3d 929, 932 (2013). Indeed, "[w]here a case presents an important issue that will provide helpful guidance to the affected legal community, there is some value in resorting to our plenary jurisdiction to consider and decide it." *Id.* This Court has used this power to clarify important and reoccurring questions in the construction of criminal statutes, "the resolution of which will be of practical importance in the administration of the criminal justice system in this state" and prevent improper dismissals and reduce erroneous rulings. *Stockwell v. State*, 98 Idaho 797, 802, 573 P.2d 116, 121 (1977). Thus, the parties must present more than only speculation to indicate that the substantive issue may reoccur. *See State v. Loomis*, 146 Idaho 700, 704, 201 P.3d 1277, 1281 (2009).

Here, these facts are reoccurring and the issue is important. The Court of Appeals has already heard two cases on the relationship of I.C. § 19-2604(1) and § 18-8005. *State v. Deitz*, 120 Idaho 755, 819 P.2d 1155 (Ct. App. 1991); *State v. Reed*, 149 Idaho 901, 243 P.3d 1089 (Ct. App. 2010). In addition, in 2013 there were over 6,500 DUI cases filed in Idaho magistrate courts and over 600 felony DUI cases filed in Idaho district courts. Thus, we will address this case on the merits. However, this does not indicate that we discount the importance of following procedure or will ignore procedural time limits in the future. We note that it would have been

3

better practice for the district court to use more than silence to explain why it found good cause or excusable neglect.

**B. The district court properly denied Glenn's motion to dismiss on its merits.[1]**

The district court denied Glenn's motion to dismiss because it held that *State v. Reed* controlled. In *Reed*, the Court of Appeals held that a guilty plea set aside under I.C. § 19-2604(1) can be used to enhance a sentence under I.C. § 18-8005 because it is not the form of the judgment, but the determination of guilt that allowed the State to seek an enhanced sentence under I.C. § 18-8005. 149 Idaho at 902–05, 243 P.3d at 1090–93. Both *Reed* and this case involve the question of whether a set aside guilty plea can later be used for a sentencing enhancement based on I.C. § 18-8005 and I.C. § 19-2604(1). Glenn argues that the district court erred because *Reed* broke from this Court's precedent.

This Court exercises free review when it interprets a statute. *State v. Robinson*, 143 Idaho 306, 307, 142 P.3d 729, 730 (2006). This Court begins with the statute's words, giving those words their plain, obvious, and rational meaning. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). If the statute's language is unambiguous, this Court follows the statute as written. *Id.* Therefore, we begin with whether the statutory language is ambiguous.

Idaho Code section 18-8005 imposes sentencing enhancements for any person "who has pled guilty or has been found guilty" of more than one DUI. When the trial court decides whether the statute applies to a defendant, it considers the determination of guilt. *State v. Bever*, 118 Idaho 80, 81–82, 794 P.2d 1136, 1137–38 (1990). Here, I.C. § 18-8005(9) is at issue, which applies to a person who "pleads guilty or is found guilty" of a DUI and who has within the last fifteen years "pled guilty or has been found guilty" of a prior felony DUI violation "notwithstanding the form of the judgment(s) or withheld judgment(s)."

Idaho Code section 19-2604(1) is a separate statute that allows a court to dismiss a case against a guilty defendant with a withheld judgment when the defendant has no probation violations, the court's dismissal is "compatible with the public interest," and the court is convinced there is no longer a need for the defendant to continue probation. I.C. § 19-2604(1). If those circumstances are met, "the court may . . . terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant. . .

---

[1] Neither party raised whether I.C. § 19-2604(1) relief is available after a defendant's probation period has expired. This issue has never been raised to this Court. *State v. Guess*, 154 Idaho 521, 528, 300 P.3d 53, 60 (2013).

4

." *Id*. Further, a final I.C. § 19-2604(1) dismissal "shall have the effect of restoring the defendant to his civil rights." *Id.*

Glenn contends that because the legislature only mentioned "the form of the judgment" in I.C. § 18-8005, the legislature presumed a valid judgment would exist. He states that it is obvious a non-existent judgment is invalid. Glenn also argues that I.C. § 19-2604(1) is unambiguous because its unlimited scope makes a valid judgment and conviction non-existent within the entire case history.

However, Glenn's argument fails for two reasons. First, I.C. § 18-8005 provides sentencing enhancements for any person who "pled guilty or has been found guilty" of more than one DUI within a specified amount of time, which applies when there is a determination of guilt by a conviction or plea. *Bever*, 118 Idaho at 81–82, 794 P.2d at 1137–38. The focus of I.C. § 18-8005 is then not on performance during probation, but instead on the instant the finding of guilt is made either by the jury or the defendant's plea. Here, Glenn was a person who pled guilty to more than one DUI within fifteen years.

Second, I.C. § 19-2604 is a completely separate statute that never states that a guilty plea or judgment disappears, only that the plea or conviction is "set aside" and the case dismissed. Thus, I.C. § 18-8005's phrase "notwithstanding the form of the judgment(s) or withheld judgment(s)" indicates that I.C. § 18-8005 includes a dismissed judgment, as it plainly states the judgment's form does not matter. Any form of judgment in history would satisfy that requirement, even if that judgment was later dismissed. So I.C. § 19-2604 does not erase the fact that a defendant pled guilty or was found guilty of a previous DUI. Thus, I.C. § 18-8005 gives no indication that using a dismissed case to seek an enhanced sentence is improper. We hold that I.C. § 18-8005 unambiguously applies to Glenn.

This holding does not conflict with our precedent as Glenn contends. Glenn relies on several often-quoted sentences from this Court's precedent to argue the dismissal of a conviction under I.C. § 19-2604 makes the conviction a legal nullity and therefore makes the underlying guilty plea a legal nullity as well. Glenn maintains that this concept began with *State v. Barwick*'s holding that a vacated conviction was "a nullity and the effect [was] as if it had never been rendered at all." 94 Idaho 139, 143, 483 P.2d 670, 674 (1971). Glenn then notes that this Court cited the *Barwick* "nullity" language in *Manners v. State*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985), *State v. Parkinson*, 144 Idaho 825, 828, 172 P.3d 1100, 1103 (2007)

5

(*abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 895, 265 P.3d 502, 508 (2011)), and *Robinson*, 143 Idaho at 308, 142 P.3d at 731. He argues these cases established a fundamental rule that I.C. § 19-2604 relief erases a vacated conviction and then treats the underlying guilty plea as if it never existed.

However, none of these cases hold that I.C. § 19-2604 can erase a guilty plea.[2] Instead, withdrawing a guilty plea and dismissing the case does not change the fact that the defendant pled guilty or was found guilty. *See Parkinson*, 144 Idaho at 828, 172 P.3d at 1103. Idaho Code section 18-8005 does not require a current conviction or judgment; it applies whenever a person "pled guilty or has been found guilty." This Court has "accepted the proposition that the effects of I.C. § 19-2604(1) could be overridden by another statute," *Robinson*, 143 Idaho at 310, 142 P.3d at 733, which is exactly what has happened here with I.C. § 18-8005. Thus, I.C. § 18-8005's plain language controls and I.C. § 19-2604's relief does not apply.

Glenn notes that this Court stated in *Robinson* that "[i]f a case has been dismissed, there is no longer anything in which a judgment of conviction can stand; likewise, if a charge has been dismissed there no longer remains a conviction for that charge" which is "true even if the order does not expressly state that the plea was being set aside." 143 Idaho at 310, 142 P.3d at 733. Glenn argues that this language means that the guilty plea is no longer of legal consequence. Given the plain language in I.C. § 18-8005 that a defendant "pled guilty or has been found guilty" of a previous DUI, the *Robinson* Court's language is irrelevant to Glenn's case. This is because whether Glenn's judgment of conviction stands has nothing to do with whether Glenn pled or was found guilty.

Glenn also argues that the holding in *United States v. Sharp*, 145 Idaho 403, 179 P.3d 1059 (2008), supports his argument that in order to have a predicate felony for enhancement purposes, a judgment must be an "outstanding" conviction that is currently on a defendant's record. In *Sharp*, the Court first noted that the defendant did not move to have his withheld

---

[2] *See Barwick,* 94 Idaho at 142–43, 483 P.2d at 673–4 (a prior judgment was not a valid conviction for impeachment purposes); *See Manners*, 107 Idaho at 951–52, 694 P.2d at 1299–1300 (a veterinarian's vacated felony conviction under I.C. § 19-2604(1) could not be used to revoke his veterinary license because there was no longer any conviction against him); *See Robinson*, 143 Idaho at 308–11, 142 P.3d at 731–34 (a defendant granted I.C. § 19-2604(1) relief could not be released from the sex offender registry because I.C. § 19-2604(1) could not remove the statutory consequences of committing a sexual offense and the legislature did not specifically create an exception for I.C. § 19-2604(1) relief); *See Parkinson*, 144 Idaho at 827–829, 172 P.3d at 1102–4 (courts have no authority to remove a defendant's dismissed conviction from a database because I.C. § 19-2604 does not entirely erase a conviction, determine factual innocence, or deny the defendant his civil rights).

judgment dismissed and guilty plea set aside under I.C. § 19-2604(1). 145 Idaho at 407, 179 P.3d at 1063. This Court then held that the defendant's guilty plea was a prior outstanding conviction because "[a]n outstanding withheld judgment based on a guilty plea qualifies as a conviction under Idaho law." *Id*. Glenn contends that this holding and the Court's single reference to I.C. § 19-2604(1) implicitly means that if a defendant moved for I.C. § 19-2604(1) relief, then the judgment and plea would not be outstanding. However, Glenn reads too much into *Sharp*. There, the issue was whether an outstanding withheld judgment based on a guilty plea qualified as a conviction. *Id.* at 403, 179 P.3d at 1059. Here the issue is different: whether a defendant has pled guilty to a previous DUI. Thus, *Sharp* does not inform our analysis.

We hold that I.C. § 18-8005 is unambiguous. Therefore, a I.C. § 19-2604(1) dismissal does nothing to vacate or erase a defendant's original entry of a guilty plea or a jury's original finding of guilt. Here, I.C. § 18-8005 applies because Glenn was a person who in 2010 pled guilty to a DUI within fifteen years of pleading guilty to a previous felony DUI. Thus, the district court correctly denied Glenn's motion to dismiss.

### III. CONCLUSION

We affirm the district court's denial of Glenn's motion to dismiss on its merits.

Justices EISMANN, J. JONES, HORTON and SCHROEDER, Pro tem, **CONCUR.**

7