# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41454-2013

NAMPA EDUCATION ASSOCIATION,   )
                                      )     **Boise, February 2015 Term**

    Plaintiff-Respondent,     )

                                        )     **2015 Opinion No. 22**

v.                                     )

                                        )     **Filed: February 26, 2015**

NAMPA SCHOOL DISTRICT NO. 131,   )

                                        )     **Stephen W. Kenyon, Clerk**

    Defendant-Appellant.     )

                                        )

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County.  Hon. Molly J. Huskey, District Judge.

The judgment of the district court is <u>affirmed</u>.

William (Bud) F. Yost, III, Yost Law PLLC, Nampa, argued for appellant.

Paul J. Stark, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Canyon County from a declaratory judgment holding that addenda to the teachers' employment contracts with Nampa School District No. 131 were illegal and unenforceable.  The addenda provided that the teachers would voluntarily reduce their annual compensation by donating from one to four days of compensation to the School District. We affirm the judgment of the district court.

## I.
## Factual Background.

The Nampa Education Association was duly chosen as the local education organization representing teachers within Nampa School District No. 131 for the 2012-13 school year.  The Association and the School District attempted unsuccessfully to negotiate the terms of a master employment contract for teachers in the School District.  As a result, each teacher was given a

contract in a form approved by the state superintendent of public instruction, which stated an amount of compensation for the teacher's services that was the last best offer by the School District. The teachers signed their contracts and began teaching pursuant to them in the fall of 2012.

The School District later faced a budget shortfall. The District's human resource officer, at the request of its superintendent, offered an addendum to the standard teachers' contract by which a teacher could agree to contribute one to four specified furlough days to the District. The four dates were January 4, March 8, March 22, and May 31 of 2013. The teacher would not be required to work on any furlough day that the teacher donated and would not receive any compensation for that day, but the teacher could volunteer to perform services on any donated furlough day. The addendum also provided that no reduction would be made for any benefits available or accruing for or on behalf of the teacher.

Approximately 500 certified teachers signed an addendum to his or her standard contract, volunteering to donate one or more furlough days. After the addenda were signed, about 24 of those teachers later modified his or her respective addendum to increase or reduce the number of days being donated.

On March 25, 2013, the Association filed this action seeking a declaratory judgment that the addendum contracts were unlawful and unenforceable. The District moved for summary judgment on the grounds that the Association lacked standing, the issues were moot, and they were not ripe for adjudication. The Association also moved for summary judgment on the ground that the addenda to the teachers' contracts were illegal because they had not been approved by the state superintendent of public instruction as required by Idaho Code section 33-513 and IDAPA 08.02.01.150.

After briefing and argument, the district court granted the Association's motion for summary judgment and denied the School District's motion for summary judgment. The court held that the Association had standing and the issue was not moot. On the merits, the court held that the addenda modified the terms of the teachers' contracts in violation of Idaho Code section 33-513 because the addenda had not been approved by the state superintendent of public instruction. The court also held that the School District negotiating directly with the teachers to modify the terms of their contracts violated the statutory procedures for negotiating the teachers'

2

compensation. The court entered a judgment declaring that the addenda were unlawful and unenforceable, and the School District appealed.

## II.
## Did the Association Have Standing to Bring this Lawsuit?

The School District contends that the Association lacked standing to bring this lawsuit because it cannot show that it suffered any harm as a result of teachers donating furlough days at the request of the School District. "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). "To satisfy the requirement of standing litigants must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct, and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Knox v. State ex rel. Otter*, 148 Idaho 324, 336, 223 P.3d 266, 278 (2009).

"When deciding whether a party has standing, we have looked to decisions of the United States Supreme Court for guidance." *Koch v. Canyon County*, 145 Idaho 158, 161, 177 P.3d 372, 375 (2008). "There is no question that an association may have standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy." *Bear Lake Educ. Ass'n, by and through Belnap v. Board of Trustees of Bear Lake School Dist. No. 33*, 116 Idaho 443, 448, 776 P.2d 452, 457 (1989) (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)).

The district court found that the Association had standing because it "was chosen as the exclusive organization to represent all of the certificated educators in the Nampa School District (excluding administrators)"; it had alleged that the addenda to the teachers' contracts violated Idaho Code section 33-513; and it "has an interest in ensuring that contracts entered into between the teachers and the local board comply with statutory requirements." The district court did not err in holding that the Association had standing to bring this declaratory judgment action.

## III.
## Was the Association's Challenge to the Addenda to the Teachers' Contracts Moot?

3

The School District argued that the lawsuit was moot because "[b]y the time this motion is argued, performance of the voluntary Addendum Contracts between teachers and the District will be complete, and no live controversy will exist." During oral argument before the district court, the School District argued that a school district is not prevented "from asking a teacher, would you volunteer furlough days and take a reduction in salary? It's been used in many districts, Your Honor, and to me it's outside of that bargaining process." The district court held that the matter was not moot because "if the relief asked for is granted, that declaration would have an effect—either directly or collaterally—as Petitioner can thereafter use the declaration, if granted, to prevent future types of contracts."

"An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). We recognize three exceptions to the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest." *Id*. at 851–52, 119 P.3d at 626–27. As shown in this case, the challenged conduct is likely to evade judicial review and thus is capable of repetition. Although this action was filed about two months before the last furlough day in the contract addenda, that furlough day had passed by the time the matter was heard by the district court. In addition, during oral argument on appeal, the School District admitted that this issue will come up again.[1] The district court did not err in holding that the legality of the contract addenda was not moot.

## IV.
### Did the District Court Err in Holding that the Addenda Were Illegal and Unenforceable?

The district court held that the contract addenda were illegal because they were in violation of Idaho Code section 33-513(1), which provides, insofar as is relevant, as follows:

> The board of trustees of each school district, including any specially chartered district, shall have the following powers and duties:

---

[1] Mr. Yost is to be commended for the candor he displayed both in answering questions from the district court during oral argument on the motions for summary judgment and in his answers to this Court during oral argument on appeal. He was very straightforward, without attempting to evade the questions or shade the truth.

1. To employ professional personnel, on written contract in form approved by the state superintendent of public instruction, conditioned upon a valid certificate being held by such professional personnel at the time of entering upon the duties thereunder.

There were two types of teachers' contracts used by the School District: a "Continuing Teachers Contract" and a "Category A Teachers Contract." At the bottom of both types of contracts was the following: "This contract form was prepared pursuant to Section 33-513, Idaho Code, and approved by the State Superintendent of Public Instruction, as a contract which may be used by school districts. Any other form must be approved by the State Superintendent, and reviewed for reapproval every three years."

The addendum to the "Continuing Teachers Contracts" began, "THIS ADDENDUM TO CONTINUING TEACHER CONTRACT ('Addendum') is made this ___ day of , 201___, by and between NAMPA SCHOOL DISTRICT NO. 131, Canyon County, Idaho, State of Idaho (hereinafter called 'District') and _____ (hereinafter called 'Teacher'), collectively referred to as the 'parties.' " Likewise, the addendum to the "Category A Teachers Contract" began, "THIS ADDENDUM TO CATEGORY A TEACHER CONTRACT ('Addendum') is made this ___ day of 201___, by and between NAMPA SCHOOL DISTRICT NO. 131, Canyon County, Idaho, State of Idaho (hereinafter called 'District') and _____ (hereinafter called 'Teacher'), collectively referred to as the 'parties.' "

In its decision granting summary judgment, the district court stated, "In this case, Respondent's [sic] conceded at oral argument that the Addendum Contract was part of the employment contract and it attempted to, and in fact, did, modify the Contract by reducing the amount of compensation agreed upon in the Contract." During oral argument before the district court, the School District also admitted "that these voluntary agreements were not approved by the state superintendent."

On appeal, the School District argues that Idaho Code section 33-513(1) only applies to the initial contract between the District and a teacher; it does not apply to later amendments to the initial contract. In support of that construction of the statute, the School District relies upon the provision in the statute that states that a school district has the power to employ professional personnel "conditioned upon a valid certificate being held by such professional personnel at the time of entering upon the duties thereunder." I.C. § 33-513(1). This quoted language has absolutely nothing to do with the requirement that a teacher's contract must be approved by the

5

state superintendent of public instruction. It clearly only provides that any teacher employed by a school district must have a valid certificate when the teacher enters into his or her duties under the contract.

Idaho Code section 33-513(1) is clear and unambiguous. It states that each school district has the power "[t]o employ professional personnel *on written contract in form approved by the state superintendent of public instruction*." I.C. § 33-513(1) (emphasis added). The statute, by its terms, does not apply only to the initial contract between a school district and a teacher. It applies to all employment contracts, which would include amendments to the initial teachers' contracts. The addenda in this case became part of the contracts of the teachers who signed them. Although the School District asserts that the statute should not include an addendum to a teacher's contract, it cannot point to anything in the statute that would exclude an addendum from the statute's operation. In addition, IDAPA 08.02.01.150 provides, "The State Superintendent of Public Instruction has approved a standard employment contract form. Any deviation from this contract form must be approved by the State Superintendent of Public Instruction and reviewed for reapproval once every three (3) years." Each addendum was also a "deviation" from the approved contract form. The district court did not err in holding that the addenda were void because they violated Idaho Code section 33-513(1).

The School District argues that such a holding would prevent teachers from voluntarily spending their money to purchase classroom supplies or even making a donation to a school district. Idaho Code section 33-513 only requires that a written employment contract to employ a teacher be in a form approved by the superintendent of public instruction. It does not purport to regulate such actions by teachers.

**V.**
**Is the Association Entitled to an Award of Attorney Fees on Appeal?**

In its issues on appeal, the Association requested that "attorney fees be award[ed] to it on appeal pursuant to Idaho Code § 12-117, Idaho Code § 12-120, and Idaho Code § 12-121." However, it did not address the request for attorney fees in the argument section of its brief. "[W]here a party requests attorney fees on appeal but does not address the issue in the argument section of the party's brief, we will not address the issue because the party has failed to comply

6

with Idaho Appellate Rule 35." *Morrison v. Northwest Nazarene Univ.*, 152 Idaho 660, 666-67, 273 P.3d 1253, 1259-60 (2012).

## VI.
## Conclusion.

We affirm the judgment of the district court, and we award respondent costs, but not attorney fees, on appeal.

Chief Justice BURDICK, Justices W. JONES, and HORTON **CONCUR.**

J. JONES, Justice, specially concurring.

I fully concur in the Court's opinion but wish to recognize the appellant's counsel for carrying out his responsibility under Idaho Bar Commission Rule 6.1 to perform pro bono service. When asked during oral argument if he was representing Nampa School District before the Court on a pro bono basis, attorney Bud Yost acknowledged that he was. Providing pro bono service is in keeping with the finest traditions of the legal profession and Mr. Yost is to be commended for his service in this case.