**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 50830**

| | | |
|---|---|---|
| **CHITTA ROY,** | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | |
| | ) | **Boise, June 2024 Term** |
| **v.** | ) | |
| | ) | **Opinion Filed: September 3, 2024** |
| **IDAHO DEPARTMENT OF HEALTH AND WELFARE,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County, Stevan H. Thompson, District Judge.

The decision of the district court is <u>reversed</u>, and the case is <u>remanded</u>.

Advantage Legal Services, P.A., Idaho Falls, for Appellant. Stephen A. Meikle argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Michael A. Zarian argued.

_____

BRODY, Justice.

This appeal involves a petition for judicial review of a decision from the Idaho Department of Health and Welfare (the "Department"). Appellant Chitta Roy challenges the district court's decision upholding the Department's unconditional denial of her criminal history background clearance during her certified family home ("CFH") recertification. In 2008, Roy was convicted of involuntary manslaughter, received a suspended sentence, and was placed on probation for five years. That next year, in 2009, Roy applied for CFH certification and criminal background clearance through the Department. The Department initially denied her application for criminal background clearance, but subsequently issued Roy a CFH certificate after granting her an exemption. At the time Roy first received her CFH certification, the Department's agency rules did not list involuntary manslaughter among the crimes that would result in an unconditional denial of an applicant's criminal background clearance.

1

From 2009 to 2020, Roy operated a CFH, providing services to elderly and infirm residents. Then, in 2020, the CFH program began requiring providers to renew their criminal history and background clearance every five years in order to become recertified and, for the first time since 2008, Roy reapplied for criminal history and background clearance with the Department's Criminal History Unit ("CHU"). The CHU issued an unconditional denial of her criminal background clearance based on a disqualifying conviction, noting that the Department "may consider the underlying facts and circumstances of felony or misdemeanor conduct including a dismissal . . ." under IDAPA 16.05.06.210.03 (2020 C2). Roy challenged the denial, which was affirmed by the CHU Supervisor who noted that the Department's agency rules now classified involuntary manslaughter as a disqualifying crime. The CHU's denial was affirmed on administrative appeal to the Fair Hearings Unit, and again on judicial review by the district court.

On appeal to this Court, Roy argues that the dismissal of her involuntary manslaughter conviction under Idaho Code section 19-2604 in 2011 precludes the Department from denying her criminal history clearance because the conviction "simply no longer exists as a matter of law." Roy further contends that the Department should be bound by its 2009 decision to grant her an exemption following her involuntary manslaughter conviction. For the reasons set forth below, we reverse the district court's decision to affirm the Department's decision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

#### 1.   Criminal Case

In 2007, Roy discharged an old hunting rifle which resulted in a bullet striking her sister's neck. After her sister died from her injuries, the State charged Roy with murder in the first degree. The magistrate court dismissed this charge during the preliminary hearing, but determined there was probable cause to charge Roy with involuntary manslaughter. Following a jury trial in 2008, Roy was found guilty of involuntary manslaughter, Idaho Code section 18-4006(2), with a sentence enhancement for use of a deadly weapon, Idaho Code section 19-2520. The district court sentenced her to a unified term of ten (10) years, with five (5) years fixed, plus a $2,000 fine. The district court then suspended the sentence and placed Roy on probation for a period of five years.

Roy successfully completed probation in 2011 and requested that her case be dismissed. The district court granted Roy's request and dismissed her case pursuant to Idaho Code section 19-2604(1). Under that statute, "a court has the authority, in certain circumstances, to set aside the

2

defendant's guilty plea and dismiss the case, which 'shall have the effect of restoring the defendant to his civil rights.' " *Rich v. State*, 159 Idaho 553, 555 n.3, 364 P.3d 254, 256 n.3 (2015) (quoting I.C. § 19-2604(1)).

    *2.   Exemption Hearing and CFH Certification*

In 2009, prior to the dismissal of her criminal case, Roy initiated the criminal history and background clearance ("CHB clearance") process with the Department's CHU to qualify as a CFH provider. The CHU's review of her criminal record at that time initially led to a denial of her application for CHB clearance. However, following a hearing, the Department granted Roy an exemption and approved her CHB clearance. The CHU's letter to Roy explained that it considered, among other things, (1) Roy's testimony and evidence; (2) the severity, nature, and circumstances of the crime; (3) the number and pattern of incidents; (4) circumstances surrounding the incidents that would help determine the risk of repetition; (5) the relationship of the incidents to the care of children or vulnerable adults; and (6) Roy's activities since the incidents such as evidence of rehabilitation and whether there was any falsification or omission in the forms she submitted:

> An exemption hearing was completed on January 23, 2009[,] relating to your application for a criminal history background check. Your criminal history background check and/or your self-disclosed history necessitated an exemption hearing. Your request for an exemption is hereby granted. You have passed the Department's Criminal History background check[.]

> In consideration of, but not limited to the following: I evaluated your testimony and the evidence taking into account the severity and nature of the crime or other findings; the period of time since the incidents under current review; the number and pattern of incidents; circumstances surrounding the incidents that would help determine the risk of repetition; the relationship of the incidents to the care of children or vulnerable adults; your activities since the incidents including but not limited to evidence of rehabilitation; whether a pardon had been granted by the Governor or the President; and whether there was any falsification or omission of information on the self-declaration form and other supplemental forms you submitted.

> This letter is not a guarantee for employment, provider agreement, licensure or contract. If you have any questions about the process or results, please contact the criminal history unit.

(Emphasis omitted.)

Thereafter, the Department granted Roy a CFH certificate on June 13, 2009, and recertified Roy for the next twelve years.

### B. Procedural Background

After Roy received her CFH certificate, the Department enacted two relevant amendments to its rules. First, in 2012, the Department added involuntary manslaughter to the list of disqualifying crimes for CHB clearance. *See* IDAPA 16.05.06.210.01 (2013). Then, in 2020, the Department began to require CFH providers to renew their criminal history and background clearance every five years in order to become recertified. IDAPA 16.03.19.009.07 (2020 C1).

Roy reapplied for her CHB clearance with the Department's CHU in 2021. The CHU unconditionally denied Roy a clearance based on her manslaughter conviction in 2009. In its letter to Roy, the CHU noted that her application revealed the involuntary manslaughter conviction and that the Department's administrative rules permitted the Department to consider the underlying facts and circumstances of the conduct even when a case is dismissed:

> The Criminal History Check required for your application through the Department of Health and Welfare (DHW) has revealed an adjudication of the following conviction(s):

| DATE | CRIME | IDAPA REFERENCE |
|------|-------|-----------------|
| 05/21/2008 | Involuntary Manslaughter, per Idaho Code 18-4006(2). Dismissed on 02/28/2011 per Idaho Code 19-2604. | IDAPA 16.05.06.210.01.l.ii |

> In accordance with IDAPA 16.05.06.210.03, *Underlying Facts and Circumstances*, which states: the Department "may consider the underlying facts and circumstances of felony or misdemeanor conduct including a **dismissal**, suspension, deferral, commutation, or a plea agreement where probation or restitution was or was not required." . . . .
>
> **Therefore, your application for any purpose that requires the Department of Health and Welfare Criminal History Background Check is Unconditionally Denied. An Exemption Review is not an option for an Unconditional Denial. Your employer has been notified.**

(Emphasis in original.) The letter further informed Roy that "[n]o exemption review is allowed for an Unconditional Denial." (Emphasis omitted.)

In response, Roy sent a letter challenging the denial of her CHB clearance, noting, among other things, that (1) her involuntary manslaughter conviction was dismissed; (2) the Department had previously granted an exemption in 2009; and (3) the Department had recertified Roy for the past twelve years. Following a review of the additional information submitted by Roy, the Department's program supervisor for the CHU issued a final order denying Roy's CHB clearance. In its letter to Roy, the supervisor explained that, while he agreed Roy's conviction was dismissed,

Roy had "not den[ied] that the criminal act was perpetrated . . . ." Thus, because Roy did not provide "any reliable documentation that [she] did not commit the criminal action" she was charged with, the supervisor upheld the unconditional denial of her CHB clearance.

Roy filed an administrative appeal of the Department's denial to the Fair Hearing Unit of the Idaho Attorney General's Office. In response, the Department filed a motion for summary judgment, arguing, among other things, that it had properly denied the CHB clearance because (1) Roy's conviction for involuntary manslaughter was a disqualifying offense under IDAPA 16.05.06.210.01.l.ii, and (2) the Department was permitted to consider Roy's conduct, including a conviction, in determining whether to issue CHB clearance regardless of whether she received a dismissal under Idaho Code section 19-2604. The hearing officer entered a preliminary order granting the Department's motion for summary judgment. The hearing officer determined the Department had properly issued the unconditional denial under IDAPA 16.05.06.210.01 because Roy had the disqualifying crime of involuntary manslaughter. The hearing officer also declined to consider any of the constitutional issues raised by Roy because she lacked jurisdiction to invalidate rules or regulations.

Roy then filed a petition for judicial review with the district court. Roy argued, among other things, that the Department's retroactive application of IDAPA 16.05.10.210.01.l.ii violated her constitutional right to be free from *ex post facto* laws and bills of attainder. Citing this Court's decision in *Manners v. Board of Veterinary Medicine*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985), Roy also argued that the Department could not base an unconditional denial of CHB clearance on a conviction that was previously dismissed under Idaho Code section 19-2604(1).

The district court affirmed the Department's decision, rejecting, among other things, Roy's arguments that IDAPA Rule 16.05.06.210.01.l.ii was a bill of attainder or *ex post facto* law. Relevant to this appeal, the district court determined that Roy failed to substantively address her argument regarding the effect of a dismissal of a criminal case under Idaho Code section 19-2604(1) and declined to consider this argument. The district court further determined that Roy failed to show that she was prejudiced by the denial because the Department could approve Roy's CFP recertification notwithstanding the denial of her CHB clearance. Roy timely appealed.

## II.    STANDARDS OF REVIEW

"[A]ctions by state agencies are not subject to judicial review unless expressly authorized by statute." *Vickers v. Idaho Bd. of Veterinary Med.*, 167 Idaho 306, 309, 469 P.3d 634, 637 (2020)

(quoting *Laughy v. Idaho Dep't of Transp.*, 149 Idaho 867, 870, 243 P.3d 1055, 1058 (2010)). Idaho Code section 56-1005(7) authorizes a person adversely affected by a final decision of the Department of Health and Welfare to seek judicial review as provided by the Idaho Administrative Procedure Act ("APA") (chapter 52, title 67, Idaho Code.)

"Idaho's Administrative Procedure Act ("APA") governs agency actions." *Chambers v. Idaho Bd. of Pharmacy & Agency*, 170 Idaho 701, 705, 516 P.3d 571, 575 (2022). The court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:

(a) In violation of constitutional or statutory provisions;

(b) In excess of statutory authority of the agency;

(c) Made upon unlawful procedure;

(d) Not supported by substantial evidence on the record as a whole; or

(e) Arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3). Furthermore, "the district court must affirm the Department's action 'unless substantial rights of the appellant have been prejudiced.' " *Wheeler v. Idaho Dep't of Health & Welfare*, 147 Idaho 257, 260, 207 P.3d 988, 991 (2009) (quoting I.C. § 67-5279(4)).

"When reviewing an appeal from a district court's decision acting in its appellate capacity under [the APA], this Court reviews 'the decision of the district court to determine whether it correctly decided the issues presented to it.' " *Access Behav. Health v. Dep't of Health & Welfare*, 170 Idaho 874, 879, 517 P.3d 803, 808 (2022) (quoting *Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 255, 371 P.3d 305, 309 (2016), *abrogated on other grounds by 3G AG LLC v. Idaho Dep't of Water Res.*, 170 Idaho 251, 509 P.3d 1180 (2022)). In so doing, we conduct an independent review of the agency record and defer to the agency's factual findings unless they are clearly erroneous. *Id.* (citation omitted). We exercise free review over questions of law. *Wood v. Idaho Transp. Dep't*, 172 Idaho 300, 306, 532 P.3d 404, 410 (2023) (citation omitted).

### III.   ANALYSIS

Roy argues the district court erred by concluding: (1) she was not substantially prejudiced by the Department's denial of her CHB clearance, (2) she failed to substantively address her section 19-2604(1) dismissal argument in her opening brief, and (3) the Department was not bound by its prior decision in 2009 to grant her an exemption for her manslaughter conviction. We address each argument in turn.

6

**A. The district court erred by concluding that Roy failed to demonstrate her substantial rights were prejudiced by the Department's denial of her criminal history background clearance and the case is ripe for adjudication.**

The district court determined that, even if the Department erred in denying her CHB clearance, Roy failed to establish that her substantial rights were prejudiced because: (1) there was not any showing that the denial of her CHB clearance had any ramifications on Roy, and (2) the Department could use its discretion to approve her CFH recertification regardless of the denial. In a similar vein, the Department argues that this case is either not ripe for adjudication or that it is moot because the Department may exercise its discretion to approve Roy's CFH recertification by granting her a waiver or may revoke the certification on unrelated grounds as part of a separate CFH application process. For the reasons set forth below, we reject the district court's analysis and conclude that the case is ripe for adjudication.

"Section 67-5279 of the Idaho Administrative Procedure Act sets forth the scope of judicial review of agency actions." *Reese v. City of Blackfoot*, 172 Idaho 164, 167, 531 P.3d 480, 483 (2023) (citation omitted). "The [APA] limits the grounds upon which agency actions may be reversed." *Id.* (citing I.C. §§ 67-5279(2)(a)–(d) and 67-5279(3)(a)–(e)). "In addition, it provides that even if there are grounds upon which to reverse an agency action, the action decision 'shall be affirmed unless *substantial rights* of the appellant have been prejudiced.' " *Id.* (emphasis in original) (quoting I.C. § 67-5279(4)).

This Court has not attempted to articulate any universal rules governing what constitutes prejudice to a substantial right under Idaho Code section 67-5279(4). *Id.* (citing *Hawkins v. Bonneville Cnty. Bd. of Comm'rs*, 151 Idaho 228, 232, 254 P.3d 1224, 1228 (2011)). However, in land use cases, we have explained that applicants have a substantial right in having an agency adjudicate their applications by applying correct legal standards:

> Of course, assuming that a decision is procedurally fair, *applicants* for a permit also have a substantial right in having the governing board properly adjudicate their applications by applying correct legal standards. *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 91, 175 P.3d 776, 780 (2007); *cf. Sagewillow, Inc. v. Idaho Dep't of Water Res.*, 138 Idaho 831, 842, 70 P.3d 669, 680 (2003) (remanding because the agency misstated the relevant legal standard and denied an application to transfer water rights).

*Reese*, 172 Idaho at 169, 531 P.3d at 485 (quoting *Hawkins*, 151 Idaho at 233, 254 P.3d at 1229).

Like the applicants in land use cases, Roy has a substantial right in having the Department properly adjudicate her application for CHB clearance by applying the correct legal standard. Thus,

7

if Roy demonstrates that the Department applied an inapplicable legal standard when it denied her clearance, then she has *ispo facto* demonstrated prejudice to a substantial right.

Furthermore, when the Department made the initial decision to deny the CHB clearance, it advised Roy that she could challenge the Department's initial determination, and when the Department subsequently upheld that decision on review, that review decision became final and subject to appeal before a hearing officer. IDAPA 16.05.06.200.03 (2021). Roy challenged that review decision. The hearing officer also ruled against Roy, and the hearing officer's decision became a final appealable order fifteen days after it was issued. IDAPA 16.05.03.152 (2021). The Department advised Roy of her right to challenge these decisions in writing at every juncture and she did so.

Now, on appeal, the Department takes the position–similar to the district court's ruling– that Roy's appeal right has not yet ripened (or, in the district court's view, Roy has not yet suffered prejudice to a substantial right) because the Department may make an exception to the CHB clearance requirement as part of a separate CFH application process by approving a waiver pursuant to IDAPA 16.03.19.120. The Department further contends that this case is moot because the Department may revoke her CFH certification on unrelated grounds as part of a separate CFH application process. We are unpersuaded.

"Jurisdictional issues include matters of justiciability including . . . ripeness, and mootness." *Blankenship v. Washington Tr. Bank*, 153 Idaho 292, 295, 281 P.3d 1070, 1073 (2012) (citations omitted). Ripeness "asks whether there is any need for court action at the present time." *A.C. & C.E. Invs., Inc. v. Eagle Creek Irrigation Co.*, 173 Idaho 178, 187, 540 P.3d 349, 358 (2023) (quoting *Davidson v. Wright*, 143 Idaho 616, 620, 151 P.3d 812, 816 (2006)). "The purpose of the ripeness requirement is to prevent courts from entangling themselves in *purely abstract disagreements*." *Id*. (emphasis in original) (quoting *State v. Manley*, 142 Idaho 338, 342, 127 P.3d 954, 958 (2005)). In contrast, "[a]n issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Boe v. Boe*, 163 Idaho 922, 927, 422 P.3d 1128, 1133 (2018) (quoting *Nampa Educ. Ass'n v. Nampa Sch. Dist. No. 131*, 158 Idaho 87, 90, 343 P.3d 1094, 1097 (2015)).

In this case, the Department's denial of Roy's CHB clearance is ripe for adjudication because it posed more than a theoretical or potential controversy. As discussed above, the issue (or controversy) before the Court is whether the Department properly adjudicated Roy's

application for CHB clearance by applying the correct legal standard. This issue is separate and apart from the Department's review of Roy's application for CFH recertification in a separate proceeding. Therefore, the Department's ability to potentially make an exception to the CHB clearance requirement as part of a separate CFH application process does not render the case nonjusticiable on ripeness grounds. Furthermore, this case is not moot because the controversy can be resolved through judicial relief.

Accordingly, we conclude that this case is justiciable and that the district court erred when it determined that Roy failed to establish her substantial rights were prejudiced by the denial of her CHB clearance.

### B. Roy preserved her argument that the Department erroneously predicated the unconditional denial on a conviction that was dismissed under Idaho Code section 19-2604.

Next, Roy contends that the district court erred by concluding that she failed to substantively address her section 19-2604 argument in her briefing to the district court on judicial review. The Department counters that the district court correctly determined that Roy failed to substantively raise her section 19-2604 argument to the district court and, therefore, Roy failed to preserve this argument on appeal.

Before addressing the merits of these arguments, we pause briefly to discuss Idaho Code section 19-2604. Section "19-2604 allows a trial court, in limited circumstances, to dismiss a criminal case or to reduce a felony conviction to a misdemeanor." *State v. Robinson*, 143 Idaho 306, 308, 142 P.3d 729, 731 (2006). This statute "creates an extraordinary remedy for a defendant who has strictly adhered to the terms of probation and essentially restores the defendant's civil rights." *State v. Parkinson*, 144 Idaho 825, 828, 172 P.3d 1100, 1103 (2007) (citation omitted), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). "Where a judgment has been vacated under this statute, 'it is a nullity, and the effect is as if it had never been rendered at all,' and there are no limits or conditions on the rights defendant regains." *Id.* (citing *Manners v. Bd. of Veterinary Med.*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985)). In this case, Roy argues that the Department erred by predicating the unconditional denial of her CHB clearance on a felony conviction that was dismissed under section 19–2604 (hereafter "section 19-2604 argument").

Turning back to the parties' arguments, "[i]t is well-settled that this Court 'will not address issues raised for the first time on appeal.' " *Alcala v. Verbruggen Palletizing Sols., Inc.*, 172 Idaho

9

188, 199, 531 P.3d 1085, 1096 (2023) (quoting *Siercke v. Siercke*, 167 Idaho 709, 715, 476 P.3d 376, 382 (2020)). "Thus, we will 'not reverse a trial court's decision based on an argument that was not presented below.' " *Skehan v. Idaho State Police, Bureau of Crim. Identification, Idaho Cent. Sex Offender Registry*, 173 Idaho 247, 253, 541 P.3d 679, 685 (2024) (quoting *State v. Hoskins*, 165 Idaho 217, 224, 443 P.3d 231, 238 (2019)). "To properly preserve an issue for appellate review, 'both the issue and the party's position on the issue must be raised before the trial court[.]' " *Id.* at 253, 541 P.3d at 685 (quoting *Hoskins*, 165 Idaho at 222, 443 P.3d at 236). "When raising the issue, 'either the specific ground for the objection must be clearly stated, or the basis of the objection must be apparent from the context.' " *Alcala*, 172 Idaho at 199, 531 P.3d at 1096 (quoting *Lingnaw v. Lumpkin*, 167 Idaho 600, 609, 474 P.3d 274, 283 (2020)). "So long as these requirements are met, 'the specific legal authorities used to support the position may evolve.' " *Id.* (quoting *Hoskins*, 165 Idaho at 222, 443 P.3d at 236); *see State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019) ("A groomed horse is expected on appeal, but a different horse is forbidden.").

Here, the Department contends that Roy failed to preserve her section 19-2604 argument on appeal for two reasons. First, relying on Idaho Appellate Rule 35(a)(6), the Department argues that Roy's failure to "raise or substantively argue" the section 19-2604 issue in her opening brief to the district court precludes her from raising this issue on appeal. Second, the Department contends that, even if Roy adequately raised the issue that the Department could not predicate an unconditional denial on a conviction dismissed pursuant to section 19-2604, she failed to address the issue of whether the Department could predicate an unconditional denial on the underlying facts and circumstances of a dismissed conviction. We disagree with the Department.

In Roy's petition for judicial review filed with the district court, she listed four issues, including: "The Department's decision relying on a dismissed criminal conviction does not fall within the express language of IDAPA 120.01.l.ii. [sic]." In her petition, Roy also cited this Court's decision in *Manners v. Board of Veterinary Medicine*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985), to support her position that the Department could not base an unconditional denial of CHB clearance on a conviction that was previously dismissed under Idaho Code section 19-2604(1):

> IDAPA Rule 210.01.1.ii's [sic] disqualification expressly applies to [a] person "convicted" of an involuntary manslaughter. However, appellant's conviction for involuntary manslaughter was dismissed on February 28, 2011.
> <u>Restoration of Civil Rights</u>

10

The right or privilege to dismiss a felony springs from Idaho Code [section] 19-2604. Once a defendant qualifies under that section, "the final dismissal of the case shall have the effect of restoring the defendant to her civil rights.["] Section 19-2604(1)(b). That means Mrs. Roy is no longer a convicted felon. The pathway to arrive at a dismissal is no probation violations.

Justice Jim Jones, writing for the majority, enumerated the breath [sic] and meaning of a dismissal under Section 19-2604 writing:

"The statute creates an extraordinary remedy for a defendant who has strictly adhered to the terms of probation and essentially restores the defendant's civil rights. *State v. Schumacher*, 131 Idaho 484, 486, 959 P.2d 465, 467 (Ct.App. 1998). The dismissal of a criminal charge under I.C. § 19-2604(1) is an act of leniency by the court, "notwithstanding the defendant's actual guilt of the charged offense." *State v. Perkins*, 135 Idaho 17, 20, 13 P.3d 344, 347 (Ct.App.2000). Where a judgment has been vacated under this statute, "It is a nullity, and the effect is as if it had never been rendered at all," and there are no limits or conditions on the rights defendant regains. *See Manners v. Bd. Of Veterinary Med.*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985) (quoting *State v. Barwick*, 94 Idaho 139, 143, 483 P.2d 670, 674 (1971)). . .

. . . A conviction is not entirely erased. On the other hand, the statute dictates that a dismissed conviction cannot be used to deny the defendant's civil rights. *See Manners*, 107 Idaho at 952, 694 P.2d at 1300 (A felony conviction cannot be the basis for revocation of a veterinary license when it has been vacated and the charge dismissed pursuant to I.C. § 19-2604: "[N]owhere in the statute is there language which limits or conditions the rights which defendant regains.")"

[*State v. Parkinson*, 144 Idaho 825, 828, 172 P.3d 1100, 1103 (2007), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011)].

Mrs. Roy's conviction and crime are dismissed under Idaho Code 19-2604(1)(b) [sic] which operates to set aside the conviction. She was restored to all her civil rights.

Since a veterinary license cannot be revoked based on a dismissal under Section 19-2604, then it necessarily follows that a Certificate of Family Home should not be withheld or the holder of it be disqualified for a crime that was dismissed before she applied for the criminal history clearance.

(Ellipses in original.) Thus, Roy raised the issue of the impropriety of denying CHB clearance based on a conviction dismissed under section 19-2604 in her petition and provided the ground for her argument by including citations to 19-2604(1) and case law interpreting section 19-2604(1)'s legal effect in support of her argument.

11

Importantly, Roy made exactly the same arguments in her opening brief to the district court. The district court noted that Roy raised the 19-2604(1) issue as the fourth issue outlined in the "Issues Presented on Appeal" section of her opening brief. Nonetheless, it concluded that Roy failed to substantively address that argument in the brief. We disagree. Exactly the same arguments and authorities Roy made in her petition for judicial review were presented in her opening brief. While a subheading would have made it clear that she was addressing the fourth issue, Roy's position was clear and she provided case law from this Court to support that position.

Moreover, the district court's colloquies with the parties demonstrate that the issue was raised and considered by the district court. During the hearing, the district court questioned the parties concerning the legal effect of a section 19-2604 dismissal and the propriety of the Department's agency rule permitting it to consider the underlying facts and circumstances of a dismissed conviction. Roy's counsel argued that the Department should not be able to "look behind" the section 19-2604 dismissal regardless of its agency rule permitting it to consider the underlying facts and circumstances of a dismissed conviction:

[The court:]      Then also I think the case law that you cited, [Roy's counsel], that to the effect that under 19-2604, your client received an order setting aside her conviction and reinstating her civil rights. The case law in that regard indicates that has a legal effect of the case as if it had never occurred and her rights are fully restored.

                      I guess it's really those interactive sort of concepts that the [c]ourt is going to be struggling with in making this decision, whether as in the sex offender registration example, it's considered a civil penalty that the ex post facto laws would not apply. Then, again, the impact of 19-2604. There obviously may be some other legal concepts there, but those are the ones the [c]ourt, in reviewing the brief, had the most questions about.

. . . .

[Roy's counsel:]    Your Honor, we think she has an independent basis. The one you just mentioned that the case was dismissed, the case was set aside. She was restored to her civil rights. So in effect, they should -- the Department should not be able to use that to -- her original conviction should not be used against her to deny her this certificate.

                      She had been granted one, your Honor, for 12 consecutive years. The State had already looked at her -- at her conviction, and exempted her, and granted her that, plus the dismissal came afterwards. So we believe that alone would allow her to be able

12

|  |  |
|---|---|
|  | to overcome the challenges that were made against her application. |
| . . . . | |
| [The court:] | What about under the 19-2604 argument that even though it's been set aside and dismissed under this ADAPA [sic] rule, the Department is arguably entitled to look at the *underlying facts and circumstances of the event* and not just a conviction itself. Does that make a difference? Does that language in the ADAPA [sic] make a difference in how I interpret that case? |
| [Roy's counsel:] | The difference is this: She had -- they had already done this, looking at what happened, or going behind the charge and looking at the underlying facts and exempted her. They've already done that once already, and then approved her for 12 consecutive years. |
|  | So this notion that somehow look behind a dismissal -- and it's ignoring the effect and impact of 19-2604 because it's saying that it no longer exists. There's really -- what it's doing is saying we can retroactively take this rule, go back and look at something we've already looked at, and then declare it to be a criminal history -- a crime that was disqualifying over and above that. |

(Emphasis added.)

Then, during the Department's argument, the district court questioned whether the Department could "streamline the decision" if it concluded the CHU improperly considered the dismissed conviction:

|  |  |
|---|---|
| [The court:] | I have a question whether I can just streamline the decision in this case and that the case law in Idaho -- is it under 19-2604 application -- that Ms. Roy's conviction was set aside and dismissed, and the case law indicates that that has the effect as if this event had never occurred. |
|  | Can I then just simply find that the Department's Criminal History Background Check Unit improperly found that it was a disqualifying offense of involuntary manslaughter because she is simply no longer convicted of that offense? |
| [Department's counsel:] | I'm sorry, your Honor, could you rephrase that question? I kind of got lost in the nuances. |
| [The court:] | Under 19-2604 -- and the case law interprets that statute -- the effect of setting aside a plea of guilty and dismissal is that the event is considered to have not ever have occurred basically. It's a nonevent. She's been acquitted of it at that point, and her plea has been set aside, and the case |

has been dismissed. As I understand it, that occurred in Ms. Roy's case.

So can I simply find that the Department's Criminal Background Check Unit improperly considered it as a conviction in denying her background check?

[Department's counsel:]     I still don't understand what the question is, your Honor. What the Department did in this case *was reviewed her background, found that there was a conviction for involuntary manslaughter --*

[The court:]     But that conviction has been set aside and dismissed. There's case law in the State of Idaho that says that that means that the event basically is dismissed. She's acquitted of it. It's no longer an event that should be on her criminal history.

Now, there is no mechanism in Idaho to expunge and actually remove it physically from her criminal history, but that case explains that even though it's still there, it's not to be considered as a conviction. It's been set aside and it's been dismissed.

So my question is simply in light of that case authority in the State of Idaho, can I simply find that the Department's criminal history denial was improper because it improperly still considered it as a conviction?

[Department's counsel:]     What the Department did, it did review the case and it found that it was dismissed. However, that's not the analysis that the Department took, that it never occurred and never took place.

What it does -- the statue [sic], the way it was interpreted through the Department -- through the lens of the Department was that it's -- the conviction is dismissed. But the fact that it never happened, the facts are still there, and that's what the rules indicate. They may consider the underlying facts and circumstances in making that decision.

. . . .

[The court:]     All right. Well, I think that issue is contained in both sides' briefing. It was simply -- I think I brought it up initially during Mr. Meikle's arguments as well. So I think I understand the parties' positions in that regard. I'm just going to have to make my own -- the [c]ourt's determination in rendering a decision in this case.

14

(Emphasis added.) Thereafter, in a footnote in the memorandum decision and order affirming the Department's unconditional denial, the district court determined that Roy's conviction is "a legal nullity with the dismissal pursuant to I.C. § 19-2604; however, the underlying finding of guilt in the case remains." Thus, despite its determination that Roy failed to substantively address this argument in her opening brief, the district court rejected Roy's argument because "the underlying finding of guilt" remains regardless of whether the conviction was dismissed under section 19-2604.

Given the forgoing, it is clear that Roy argued in her petition and opening brief that the legal effect of the section 19-2604(1) dismissal, as discussed in *Parkinson* and *Manners*, precluded the Department from predicating the denial of her CHB clearance on her dismissed conviction. Roy's counsel further expanded on this argument during the hearing before the district court, arguing that the Department should not be able to "look behind" the section 19-2604 dismissal regardless of its agency rule. This same argument is now on appeal with citations to additional legal authority to support this position. However, we view this as a permissible refinement of Roy's argument, rather than an impermissible new argument because her contention remains consistent. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019) (holding that arguments may be refined on appeal). Therefore, we will consider Roy's section 19-2604(1) argument.

### C. The Department erred by predicating the unconditional denial of Roy's CHB clearance on her dismissed felony conviction.

Roy challenges the unconditional denial of her CHB clearance on several bases. First, Roy contends the Department erroneously denied her CHB clearance based on the dismissed felony conviction. Second, Roy contends that IDAPA 16.05.06.210.03, the Department's agency rule which permits it to consider underlying circumstances of a dismissed conviction, is subordinate to Idaho Code section 19-2604(1) and, therefore, the Department "must apply Section 19-2604." In response, the Department contends it correctly issued the unconditional denial based on the underlying facts and circumstances of her dismissed criminal case and not on the conviction itself.

As discussed above, "Idaho Code [section] 19-2604 allows a trial court, in limited circumstances, to dismiss a criminal case or to reduce a felony conviction to a misdemeanor." *State v. Robinson*, 143 Idaho 306, 308, 142 P.3d 729, 731 (2006). Section 19-2604(1) provides in relevant part:

(b) Upon application of the defendant and upon satisfactory showing that:

15

(i) The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of any probation that may have been imposed; or

(ii) The defendant has successfully completed and graduated from an authorized drug court program or mental health court program and during any period of probation that may have been served following such graduation, the court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation;

the court, if convinced by the showing made that there is no longer cause for continuing the period of probation should the defendant be on probation at the time of the application, and that there is good cause for granting the requested relief, *may terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant* or may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to sentencing, and the amended judgment may be deemed to be a misdemeanor conviction. This shall apply to the cases in which defendants have been convicted before this law goes into effect, as well as to cases which arise thereafter. *The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.*

I.C. § 19-2604(1) (emphasis added).

This statute "creates an extraordinary remedy for a defendant who has strictly adhered to the terms of probation and essentially restores the defendant's civil rights." *State v. Parkinson*, 144 Idaho 825, 828, 172 P.3d 1100, 1103 (2007) (citation omitted), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). While section 19-2604 "does not expressly authorize expungement," the court is permitted "to dismiss the case against defendant if he complies with all the terms and conditions of his probation." *Id*. "The dismissal of a criminal charge under I.C. § 19-2604(1) is an act of leniency by the court, 'notwithstanding the defendant's actual guilt of the charged offense.' " *Id*. (quoting *State v. Perkins,* 135 Idaho 17, 20, 13 P.3d 344, 347 (Ct. App. 2000)). "Where a judgment has been vacated under this statute, 'it is a nullity, and the effect is as if it had never been rendered at all,' and there are no limits or conditions on the rights defendant regains." *Id*. (citing *Manners v. Bd. of Veterinary Med.*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985)).

Here, Roy relies on *Manners v. Board of Veterinary Medicine*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985), to support the proposition that the Department was not permitted to predicate the unconditional denial of her CHB clearance on a dismissed conviction. We agree. In

*Manners*, the veterinarian was charged with the felony crime of delivery of a controlled substance. 107 Idaho at 951, 694 P.2d at 1299. Manners pled guilty, and the district court later suspended his sentence and placed him on probation. *Id*. After Manners successfully completed probation, the district court allowed him to withdraw his guilty plea and enter a plea of not guilty. *Id*. The district court then entered an order dismissing the charge under Idaho Code section 19-2604(1). *Id*. Five days later, the Bureau of Occupational Licenses filed a complaint against Manners, seeking to revoke his license based on the previously vacated conviction. *Id.* The Board of Veterinary Medicine subsequently revoked Manners' license based solely on the original felony conviction. *Id*. On appeal, this Court held that the felony conviction, which had been vacated, would not support revocation of his license:

> Pursuant to I.C. § 19-2604 a court clearly has authority to finally dismiss a case and discharge defendant where such an act is compatible with the public interest, and defendant has satisfactorily completed the terms of probation. The final dismissal of a case "shall have the effect of restoring the defendant to his civil rights". I.C. § 19-2604(1). Nowhere in that statute is there language which limits or conditions the rights which defendant regains. Therefore we find that a felony conviction which has been vacated and the charge dismissed after the entry of a not guilty plea pursuant to I.C. § 19-2604 cannot be the basis for revocation of a veterinary license. Since the felony conviction was the only basis of the Board's decision to revoke Dr. Manners' license, we reverse and remand for further proceedings consistent with this decision.

*Id*. at 952, 694 P.2d at 1300. The Court further noted, however, that it "need not and [did] not decide if the Board may have revoked Dr. Manners' license for the delivery of a controlled substance but only decide[d] that the Board may not rely on a non-existent felony conviction as grounds for revocation." *Id.*

Thus, like the Board in *Manners*, the Department is not permitted to base its unconditional denial of Roy's CHB clearance on a dismissed conviction. However, the Department argues that *Manners* "left open the question of whether the board could consider the underlying factual basis for commission of the offense." The Department contends that, unlike the Board in *Manners*, it based its decision on the underlying facts and circumstances of the felony conviction pursuant to IDAPA 16.05.06.210.03. This rules states that "[t]he department may consider the underlying facts and circumstances of felony . . . conduct including a guilty plea or admission in determining whether or not to issue a clearance, regardless of whether or not the individual received . . . an order according to [s]ection 19-2604, Idaho Code, or other equivalent state law[.]" IDAPA 16.05.06.210.03.c (2020 C1).

We agree with the Department that a dismissal of a criminal case under section 19-2604(1), and our holding *Manners*, does not necessarily preclude the Department from considering the underlying facts and circumstances of felony conduct in determining whether to grant a CHB clearance. While the relief granted under section 19-2604(1) is extraordinary, a defendant "does not thereby escape from every possible consequence of the adjudication of guilt." *Perkins*, 135 Idaho at 21, 13 P.3d at 348. Nor does a dismissal, as Justice Bakes noted in in his partial dissent in *Manners*, erase the underlying conduct: "While technically the conviction no longer exists, the underlying felony conduct of delivery of a controlled substance is not erased, and the board may act upon that. . . ." 107 Idaho at 953, 694 P.2d at 1301 (Bakes, J., concurring in part and dissenting in part).

In reviewing the record before us, however, we do not agree that the Department based its decision to deny Roy's CHB clearance on any underlying facts and circumstances of Roy's involuntary manslaughter conviction. In its first letter to Roy regarding the denial, the CHU referenced IDAPA 16.05.06.210.03, but did nothing to explain what facts or circumstances it considered when it denied Roy's CHB clearance. Rather, the CHU seemingly determined that, because this rule allowed them to consider conduct connected to a dismissal, it could deny her clearance based on her conviction regardless of its dismissal:

> The Criminal History Check required for your application through the Department of Health and Welfare (DHW) has revealed an adjudication of the following conviction(s):

| DATE | CRIME | IDAPA REFERENCE |
|------|-------|-----------------|
| 05/21/2008 | Involuntary Manslaughter, per Idaho Code 18-4006(2). Dismissed on 02/28/2011 per Idaho Code 19-2604. | IDAPA 16.05.06.210.01.l.ii |

> In accordance with IDAPA 16.05.06.210.03, *Underlying Facts and Circumstances*, which states: the Department "may consider the underlying facts and circumstances of felony or misdemeanor conduct including a **dismissal**, suspension, deferral, commutation, or a plea agreement where probation or restitution was or was not required." . . . .
>
> **Therefore, your application for any purpose that requires the Department of Health and Welfare Criminal History Background Check is Unconditionally Denied. An Exemption Review is not an option for an Unconditional Denial.** Your employer has been notified.

(Emphasis in original.)

Then, in its second letter to Roy, the Department's supervisor reiterated that the Department was free to consider conduct connected to a dismissal under its agency rules. However, nothing in this letter explained what facts or circumstances warranted an unconditional denial. Instead, the supervisor merely detailed the procedural history of Roy's criminal conviction, noted that Roy had "not den[ied] that the criminal act" was committed, and upheld the unconditional denial of her CHB clearance:

> The review of the underlying circumstances of the manslaughter conviction included reviewing the original Criminal Complaint document filed on June 28, 2007[,] by the Chief Deputy Prosecuting Attorney of the County of Bingham, Idaho. Which states that on June 27, 2007[,] you did with malice aforethought, attempted [sic] to willfully, deliberately and with premeditation approach your victim and shot her on the neck with a rifle causing life-threatening injuries to that person. The charges preferred [sic] against you at that time was [sic] Attempted Murder, Aggravated Battery and Use of a firearm in the commission of a felony, Idaho Code [s]ections 18-4003, 18-907 and 18-3306 respectively. On July 12, 2007[,] that criminal complaint was amended to charge you with Murder in the First Degree, Felony, Idaho Code Sections 18-4001, 18-4002 and 18-4003(a) because the victim that you had shot on June 27 had actually perished due to the injuries caused by you shooting her.

> Further, on February 25, 2008[,] the Bingham County Prosecuting Attorney amended the Information that was submitted in court to charge you with Involuntary Manslaughter, Felony, Idaho Code Section 18-4006(2) and a request to extend the sentence for said crime due to the use of a firearm or deadly weapon in the commission of a felony as per Idaho Code [s]ection 19-2520. A trial was held and the jury found you guilty on May 21, 2008[,] of both charges. The presiding judge issued judgement [sic] on the same day.

> In your challenge letter, you do not deny that the criminal act was perpetrated, and you also state that the subsequent conviction was dismissed. And I am not disputing that because I agree that is what occurred. . . .

> . . . .

> Accordingly, I do conclude that the Department acted correctly in issuing you the Unconditional Denial. And, once again, because you have not provided any reliable documentation that you did not commit the criminal action that you were charged with, I am upholding the Unconditional Denial issued to you by the Department on August 2, 2021.

While the Department claimed that the denial was based on Roy's failure to deny that she committed involuntary manslaughter, nothing in this letter suggests the Department actually considered any underlying facts or circumstances of the conviction. Nor did the Department attempt to explain how any of the procedural history of a criminal case that occurred over a decade

ago had any relevance to Roy's ability to be a caregiver to vulnerable adults. Similar to its first letter, the Department seemingly determined that, because its agency rules allowed it to consider conduct connected to the dismissal, it could deny Roy's clearance based on her conviction without explanation. In contrast, when the Department granted Roy an exemption in 2009, it explained that it considered a variety of factors in reaching its decision, including the nature and severity of the crime, the circumstances surrounding the crime to determine the risk of repetition, the relationship of the criminal conduct to the care of children or vulnerable adults, and Roy's activities since the incident occurred, such as evidence of rehabilitation.

For these reasons, the Department's denial of Roy's CHB clearance was either: (1) arbitrary, in that the Department failed to adequately explain the basis for its decision; or (2) in excess of its authority because the denial was actually based on the dismissed conviction, as Roy contends. In either case, we conclude that the Department committed reversible error under Idaho Code section 67-5279(3) when it denied Roy's CHB clearance. This error, as discussed above, prejudiced Roy's substantial right to have her application for a background clearance decided in accordance with the applicable law. Accordingly, we reverse the decision of the district court and remand with instructions to set aside the Department's decision and remand for further proceedings consistent with this opinion.

### D. Roy's argument that the Department should be bound by its 2009 exemption decision was waived on appeal because she failed to support her argument with citations to legal authority.

Lastly, Roy contends that the Department's decision in 2009 to grant her an exemption to the CHB requirement following her involuntary manslaughter conviction prevents the Department from using that conviction as a basis for denying her criminal history and background clearance now. The Department argues that Roy waived this argument because she failed to support it with citations to legal authority. The Department further argues that, at best, the exemption expired by 2012 per IDAPA 16.05.06.250.04 and, thus, the exemption has no binding impact on her 2021 recertification.

We agree with the Department that Roy failed to support her argument with citations to applicable legal authority. This Court has repeatedly held that if an issue is not supported by "any cogent argument or authority, it cannot be considered by this Court." *Wood v. Idaho Transp. Dep't*, 172 Idaho 300, 307, 532 P.3d 404, 411 (2023) (quoting *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)). "Idaho Appellate Rule 35(a)(6) requires appellants to do more than point

to background facts underlying their position; it requires 'reasons' those facts constitute legal error with 'citations to the authorities, statutes and parts of the transcript and record relied upon.' " *Id.* (quoting I.A.R. 35(a)(6)). "Where an appellant fails to assert his assignment of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Id.* (quoting *Bach*, 148 Idaho at 790, 229 P.3d at 1152). Thus, "assignments of error that are not argued and supported in compliance with Rule 35(a)(6) are 'deemed to be waived.' " *Id.* (quoting *Bach*, 148 Idaho at 790, 229 P.3d at 1152). Here, Roy's opening brief on appeal on this argument was devoid of citations to applicable legal authority. Consequently, Roy has waived this argument on appeal.

## IV.  CONCLUSION

For these reasons, we reverse the decision of the district court and remand with instructions to the district court to set aside the Department's decision and remand for further proceedings consistent with this opinion. Roy is awarded costs on appeal pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER CONCUR.